**BOARD OF EDUCATION OF MARLBORO TP., MONMOUTH COUNTY v. HART-FORD FIRE INS. CO. et al.**

Civ. No. 800.

United States District Court
D. New Jersey.

March 25, 1952.

Barkalow & McGowan, Freehold, N. J., of plaintiff.

Toner, Speakman & Crowley, Newark, N. J., for defendants, Hartford Fire Ins. Co., American Alliance Ins. Co., Phoenix Assur. Co., Limited, Provident Fire Ins. Co., Mutual Fire Ins. Co. of Chester County, Coatesville, Pennsylvania.

FORMAN, Chief Judge.

This is a motion to remand the suit to the Superior Court of New Jersey upon the ground that this court lacks jurisdiction because diversity of citizenship does not exist between the plaintiff and all of the defendants and the causes of action against the removing defendants do not constitute separate and independent claims from the other claims or causes of action alleged in the complaint. Plaintiff is a New Jersey citizen; five of the defendant insurance companies,[1] the removing defendants, are corporations of a state other than New Jersey; the other defendant insurance company, Farmers' Reliance Insurance Company of New Jersey, is a New Jersey corporation; the defendant County Gas Company is a New Jersey corporation; and the three individual defendants are citizens of New Jersey.

In each of the first 14 counts of the complaint the plaintiff sues on separate policies of insurance issued by the various defendant insurance companies. Each of these counts alleges that the plaintiff was the owner of property in Marlboro Township, New Jersey; that the particular defendant insurance company had issued a specified policy against loss or damage by various hazards including fire; that on August 1, 1950, while the policy was in effect, the insured property was badly damaged by fire; that plaintiff had demanded indemnity for the said loss but defendant had refused to indemnify it; that plaintiff had complied with all conditions precedent set forth in said policy and therefore it demanded judgment for the full amount of the policy. In the fifteenth count, the plaintiff alleges the issuance of

1. Hartford Fire Insurance Co., American Alliance Insurance Co., Phoenix Assurance Co., Ltd., Provident Fire Insurance Co., and Mutual Fire Insurance Co. of Chester County, Coatesville, Pennsylvania.

all 14 policies and demands judgment jointly against the defendant insurance companies for $50,000.

The sixteenth count is a claim against the County Gas Company, founded in tort, and alleges that this public utility did so negligently lay, construct, maintain, inspect and repair its pipe line transmitting gas to plaintiff's property as to cause the same to become a dangerous condition in that gas escaped therefrom on August 1, 1950, which exploded, causing plaintiff's building to be damaged in the sum of $50,000.

The seventeenth count is against defendants, Robert Hess and William Hess, individually and trading as Hess Brothers, Excavators, and alleges that through their negligence in grading and excavating plaintiff's property they caused the gas lines to be bent and broken, thus allowing the gas to escape and explode and resulting in the aforementioned damage.

The eighteenth count is against Otto Dietrich trading as Otto Dietrich Trucking and Excavating Company and alleges negligence on the part of Dietrich in the excavating and grading of the property similar to that alleged against the defendants Hess in the seventeenth count.

The right of removal in this case is predicated on 28 U.S.C. § 1441, which, in part, states:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

&ast; &ast; &ast; &ast; &ast; &ast;

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion,

may remand all matters not otherwise within its original jurisdiction."

Since admittedly this court would have had original jurisdiction over the claims against the removing defendants if they had been sued individually, the sole issue presented therefore is whether the claims alleged against the non-New Jersey insurance companies are separate and independent from the claims against the other defendants.

Prior to September 1, 1948, the effective date of the above statutory provision, this suit would have been removable to the federal court since the claim against each of these insurance companies would have constituted a separable controversy. 28 U. S.C. (1940 ed.) § 71; Victory Cabinet Co. v. Insurance Co. of North America, 7 Cir., 1950, 183 F.2d 360. However by § 1441(c) in the 1948 revision of the judicial code Congress adopted a different test for removability so that a separable controversy was no longer an adequate ground for removal unless it also constituted a separate and independent claim or cause of action. See, reviser's notes following. 28 U.S. C.A. § 1441. The change accomplished by this legislation and the criteria to be utilized in its application have been discussed at length by the United States Supreme Court in American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702, which case I find determinative of the instant matter.

In that case a Texas resident brought suit in the state court against two foreign insurance companies and an individual, the local agent of both companies and a resident of Texas. Following removal to the federal district court, a judgment was rendered against the American Fire & Casualty Co. which then sought to vacate the judgment upon the ground that the district court was without jurisdiction. The suit had been for a fire loss on plaintiff's property. In her complaint, plaintiff had sought to recover, in separate counts, on policies of insurance allegedly issued by the defendant insurance companies. The third count alleged joint liability on the part of all de-

fendants in that the Texas defendant, as agent for the insurance companies, had assumed the responsibility for keeping plaintiff's property insured and that he was responsible for anything that would result in the defeat of her recovery on either one of the policies. The Supreme Court in remanding the case to the state courts upon the ground that there was no right to removal enunciated the following criteria: (1) "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)"; and (2) "in making this determination we look to the plaintiff's pleading, which controls."

In applying that criteria in the Finn case the Court noted that "the single wrong for which relief is sought is the failure to pay compensation for the loss on the property" and that the "liability lay among three parties, but it was uncertain which one was responsible." The Court then added:

> "The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal." 341 U.S. at page 16, 71 S.Ct. at page 540, 95 L.Ed. 702.

In the instant case the plaintiff seeks to recover for loss and damage to its school building arising from a fire and/or explosion. It is obvious that as to that loss plaintiff can be compensated only once, whether it be from the insurance companies or from one or more of the other defendants. With respect to the claims against the insurance companies the removing defendants contend that each of the 14 policies constitutes a separate and independent transaction between plaintiff and the issuing defendant, constituting a separate and independent cause of action, and that the relief sought does not arise from an interlocked series of transactions. They further contend that the separateness of these causes of action cannot be dissipated by an allegation of joint liability in the fifteenth count.

I do not agree with these defendants that the mere issuance of separate policies of insurance constitute separate and independent claims in the light of the criteria established in the Finn case. It would be unrealistic to view the not uncommon practice of multi-policy insurance coverage of property as establishing the requisite independence to the claims asserted, particularly, since a finding of liability against one insurance company would, in all probability, establish the liability of all insurance companies, and plaintiff would be entitled to but one recovery for its actionable wrong. Mr. Justice Reed, in the Finn case, stated:

> "In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be. separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." 341 U.S. at page 12, 71 S.Ct. at page 539.

Looking beyond the plaintiff's pleadings we find that the answers of all the insurance companies are virtually identical and based on standard defenses. Aside from the fact that the issues involved as to all insurance companies will be the same and the plaintiff should be able to litigate its

right to recover in one forum,[2] I am convinced that the fourth separate defense which is incorporated in each of these answers rebuts the view that this group of insurance policies involve unrelated transactions. This defense states:

"Fourth Separate Defense
to First Count

"1. Said policy of insurance contains the following terms, provisions and conditions:

" 'This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.'

"2. By reason whereof, defendant, if liable to plaintiff in any sum, which is denied, is not liable for a greater proportion of the loss than the amount insured by its said policy of insurance bears to the whole insurance, whether collectible or not, covering the property insured thereby."

The right of the insurance companies to pro-rate their alleged liability under this clause will depend upon whether each of the policies covers the property against the peril involved. The identity of this issue with respect to all the insurance companies and the necessity for the plaintiff, in order to obtain full recovery under the policies, to make all these companies defendants clearly reinforces the view that there is present an interlocked series of transactions, and, thus, no separate and independent controversy involving the non-resident insurance companies as distinct from the resident company.

Since this case must be remanded in the light of this holding, there is no need to discuss whether the claims against the removing defendants are separate and independent from those based on the negligence of the non-insurance company defendants.

An order for remand of this case should be submitted.

---

2. I am aware than under § 1441(c) this court would have the right to determine the claim against the resident insurance company were this case removable.