## KORNEGAY v. HARDWARE MUT. FIRE INS. CO. OF THE CAROLINAS et al.

### Civ. 624.

United States District Court
E. D. North Carolina,
Raleigh Division.

July 29, 1952.

Norman Shepard, Smithfield, N. C., for plaintiff.

Joyner & Howison, Raleigh, N. C., for defendants.

GILLIAM, District Judge.

This cause was heard upon plaintiff's motion to remand, the defendant Ohio Farmers Insurance Company having effect-ed removal from a state court.

Plaintiff instituted suit in the Superior Court of Johnston County, North Carolina, against the three defendant insurance

companies, alleging that the defendant Hardware Mutual Insurance Company of the Carolinas was a domestic corporation and that the defendants Ohio Farmers Insurance Company and Federated Mutual Implement and Hardware Insurance Company were foreign corporations. Plaintiff alleged that on different dates each of the defendant companies issued its policy of insurance to plaintiff insuring him against loss caused by fire. The fire loss complained of here is in the amount of $7,500.

Incorporated by reference in plaintiff's complaint is the following provision from the policy of Ohio Farmers Insurance Company: "This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

The combined coverage of the three insurance companies is $23,000; and of this amount the defendant Ohio Farmers Insurance Company's maximum liability is a 10/23rds share by virtue of the operation of the provision quoted immediately above. Thus, the pro rata liability asserted against Ohio Farmers Insurance Company is $3,260.

In apt time the defendant Ohio Farmers Insurance Company removed the entire case from the Johnston County Superior Court, to the United States District Court, pursuant to Title 28 U.S.C.A. § 1441(c), as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is clear that the suit against Ohio Farmers Insurance Company is one "which would be removable if sued upon alone," in that both diversity of citizenship and jurisdictional amount are present and uncontested. Further, it is clear that the suit against Ohio Farmers Insurance Company is a suit that is joined with "one or more

otherwise non-removable claims", that is, the claim against the Hardware Mutual Fire Insurance Company of the Carolinas. Hence, according to the language of Title 28 U.S.C.A. § 1441(c), the sole point of controversy raised by plaintiff's motion is the matter of whether his suit against Ohio Farmers Insurance Company is a "separate and independent claim or cause of action".

Plaintiff alleges in his motion to remand that the actions against these three insurance companies are not independent and separate causes, but are a joint cause, and that hence the removal was improvident. In this contention, in my opinion, plaintiff is in error.

■ It is settled that the law of the forum is determinative of whether there exists a separate and independent claim. Edwards v. E. I. Du Pont De Nemours & Co., 5 Cir., 1950, 183 F.2d 165; McFarland v. B. F. Goodrich Rubber Co., 8 Cir., 1931, 47 F.2d 44; Harward v. General Motors Corp., D.C.N.C.1950, 89 F.Supp. 170.

■ The Supreme Court of North Carolina has heretofore established, contrary to plaintiff's contention, that a suit such as this one against Ohio Farmers Insurance Company must be considered a separate and independent claim. Ivy River Land & Timber Co. v. American Ins. Co. of Newark, N. J., 190 N.C. 801, 130 S.E. 864, 867. The facts there were similar to those here, and the Court disposed of the question in the following language: "The cause of action sued on consists of the promise of each defendant, * * * The defendants are not responsible for the promises of each other, either by way of joint obligation or as surety or guarantor. The coinsurance and prorating clauses in each policy are stipulated methods by which the amount of the liability of each defendant is calculated in the light of other events therein specified; hence these causes of action are clearly separable, and are so separate and distinct that separate actions can be maintained on each policy and complete relief as between the insured and the insurer had in such separate actions without the presence of the other defendant." The same result was reached under similar circumstances in Victory

Cabinet Company v. Insurance Co. of North America, 7 Cir., 1950, 183 F.2d 360, the Court quoting with approval Des Moines Elevator & Grain Co. v. Underwriter's Grain Association, 8 Cir., 63 F.2d 103.

By summary, in that the plaintiff's loss gave rise to no joint liability, but rather separate liabilities which in turn give rise to separate and independent causes of action; and in that the removal of this cause is proper under Title 28 U.S.C. A. § 1441(c), plaintiff's motion to remand is therefore denied. And the Court, in its discretion, shall entertain jurisdiction over the entire case as removed.