**HART–BARTLETT–STURTEVANT GRAIN CO. v. AETNA INS. CO. et al.**

No. 7736.

United States District Court
W. D. Missouri, Western Division.

Nov. 26, 1952.

758

Charles M. Blackmar, Charles B. Blackmar of Blackmar, Newkirk, Eager, Swanson & Midgley, Kansas City, Mo., for plaintiff.

Donald N. Clausen, Herbert W. Hirsh of Clausen, Hirsh & Miller, Chicago, Ill., Henry Depping, Hale Houts of Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendants.

DUNCAN, District Judge.

Plaintiff, a corporation, organized under the laws of the State of Missouri, with its principal place of business in Kansas City, filed its petition in the Circuit Court of Jackson County, Missouri, against the defendants, forty eight in number, forty five of which are non-residents of the State of Missouri; the other three are organized under the laws of the State of Missouri.

The petition is in two counts. The first count seeks to recover from the defendants the sum of $326,022 together with interest and costs, 10% penalty and $30,000 attorneys' fees for damages for the destruction of grain claimed to have been caused by a series of explosions.

In the second count, plaintiff seeks to recover the sum of $283,474 together with the sum of $59,007 for expenses incurred in an attempt to reduce the loss, 10% penalty and a reasonable attorneys' fee in the sum of $30,000 for alleged interruption of its business claimed to have been caused by the same explosions.

Each of the forty five non-resident defendants filed a petition and bond for removal, and plaintiff has filed a Motion to Remand. In its complaint the plaintiff alleges that:

"The defendants and each of them have formed themselves into a partnership, joint venture, common enterprise or combination, known and styled the 'Underwriters Grain Association'. Under the name and style of such Association, the defendants caused to be issued policies of insurance under which each defendant purports to assume liability for a proportionate part of any loss under any policy so issued. The defendants and each of them have appointed one Leonard S. Van Dyke, 101 North Lafayette, Marshall, Missouri, as agent for service of process under any policies issued by the said Association by or through the agency of or in the style of said Underwriters Grain Association."

"On or about July 1, 1951, defendants, at Kansas City, Missouri, executed ad delivered to plaintiff a policy or certificate of insurance, a copy of which is attached to this petition, marked Exhibit A and made a part hereof, which insurance policy or certificate in consideraiton of the premiums therein expressed insured plaintiff against loss of or injury to merchandise owned by plaintiff or for which it had assumed liability by agreement or by contract or for which plaintiff as a warehouseman was required to assume liability, and located in a grain elevator known as the River Rail Terminal in Kansas City, Kansas, said policy covering, among other things, such losses and injuries to such merchandise located in that place caused by explosion."

The complaint further alleges that an explosion caused by expansion of grain and production of gaseous matter in and about the grain stored in the elevator, resulted in loss and damage to the stored grain. The complaint further alleges that the—

"Defendants and each of them, acting in concert, have failed and refused to discuss or adjust the losses above described with plaintiff, but have combined together and appointed a common agent for such discussion, and have agreed among themselves that no one of them will enter into any settlement or adjustment with plaintiff unless approved by all defendants and said common agent. Defendants and each of them have failed to pay the loss above described or any part thereof. This refusal, pursuant to the combination above described, has been vexatious."

It is alleged that plaintiff's claim against each of the defendants is a separate and distinct cause of action which would be removable if sued upon alone.

In its Motion to Remand plaintiff contends that there is no separate and independent claim or cause of action alleged against each defendant, and therefore, the cause is not removable under § 1441(c) Title 28 U.S.C.A. and also for the further reason that all of the defendants have not joined in the petition for removal. The parties have filed exhaustive briefs in support of their respective positions, and the motion was ably argued in open court.

■ Plaintiff's second contention may be disposed of first—that is, that all of the defendants did not join in the petition to remove. The rule is well established that in a joint cause of action, or even a separable cause of action, all of the parties must join in a petition for removal, Warner v. Dunmyer, D.C., 108 F.Supp. 757, but where a separate cause of action exists as between the various defendants, that rule does not apply under § 1441(c) supra.

The certificate issued by the Underwriters Grain Association has been made a part of the complaint. In that certificate, which is signed by the duly authorized agent, the limit of liability is fixed at $9,000,000. It specifies the amount of the premiums and the conditions under which the loss is to be payable; it provides the percentage of the amount of loss for which each of the defendants shall be liable, ranging from $31/100$ of 1% on the part of the Sun Insurance Office of London, England, to $9.78/100$% by the Home Insurance Company of New York, New York, and that the liability of no company shall be greater than the proportion so provided, also that:

"It is distinctly understood and agreed that the liability of the Insurance Companies, Corporations or Underwriters comprising the Underwriters Grain Association issuing this certificate of insurance *is several and not joint,* and that the *several* liability of each is limited to that per centum of any loss hereunder set opposite and following its name on the reverse side hereof, and that the maximum liability of each shall in no event exceed its said per centum of the total amount insured hereunder." (Emphasis supplied)

Therefore, the sole question for determination is whether or not there is a separate cause of action alleged against each of the defendants. Except for the holding in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, in which § 1441(c) Title 28 U.S.C.A. was discussed. no difficulty would be presented.

The identical question was before the Eighth Circuit in Des Moines Elevator & Grain Co. v. Underwriters' Grain Association, 63 F.2d 103, 106. (That case however, was decided in 1933 under the old § 71, Title 28, and long before the amendment, now § 1441(c). In that case an action was brought against the Underwriters Grain Association and 112 insurers doing business in Iowa. The case there, as here, was brought in the state court and removed to the federal court. Motion to Remand made by the plaintiff was denied. In an opinion by Judge Sanborn, the court stated:

"Where there exists in any suit a separate and distinct cause of action on which a separate and distinct suit

might properly have been brought, and complete relief afforded as to such cause of action, there is a separable controversy. [Citing applicable cases.]

"While the liability of each of the insurers here arises out of the same undertaking, that liability is separate and distinct from the liability of any other insurer, and the happening of the contingency insured against, instead of giving rise to a single cause of action against all of the insurers, gives rise to 112 separate causes of action, which, under the Iowa statute, may be united in one action. The loss is not the cause of action, but the happening of the loss gives rise to a separate cause of action against each insurer. Had the plaintiff sued separately each of the removing defendants in the state court, as it might have done, the suits could have been removed to the federal court. The fact that, under the state statute, the plaintiff had the right to combine the causes of action in a single suit could not affect the right granted to the defendants by the laws of the United States to remove the controversy to the federal court."

Concluding, that court said:

" * * * since the undertaking which gave rise to the plaintiff's suit created no joint liability and no joint cause of action against the insurers, there were as many separate causes of action as there were insurers, and the joining of all the insurers in the single action did not affect the right of any of them to remove the case to the federal court."

This decision was handed down before the Federal Rules of Civil Procedure, 28 U.S. C.A., were enacted which now govern the procedure with respect to the parties or causes of action which may be joined. The removal statute, § 1441(c) as amended, now provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The new removal statute was discussed at great length by Mr. Justice Reed in the Finn case, supra. In that case a resident of Texas sued two insurance companies who were non-residents of Texas, and their agent, who was a resident of Texas. The case was removed to the Federal Court, and after judgment, the Supreme Court held that it was not a separate cause of action and was therefore, not removable.

The cause of action alleged against defendants in this case is based upon their failure to pay the amount for which each of the companies became liable under the certificate issued by them in the name of the Underwriters Grain Association, and not for the destruction of the grain by explosion. The latter was simply the instrumentality that gave rise to the alleged liability of any of the companies to pay under the terms of their policies.

It is upon this theory as I understand, that the defendants insist that there cannot be a joint cause of action.

If the cause of action were for the destruction of the grain by various defendants, of course, it would be a joint cause of action, but where the cause of action is for the failure to pay, and that obligation is assumed by each of the individuals separately and distinctly, we have a different situation. Certainly all of the defendants were acting jointly in the issuance of the policies; they were jointly instrumental in issuing the certificate in the name of the Underwriters Grain Association; they negotiated jointly as to the settlement of any claim or claims, according to the petition, notwithstanding the fact that the certificate itself provides that the liability shall be *several*.

If the opinion in the Finn case does not change the whole theory of law as to what constitutes a separate cause of action; then of course, the ruling in—Des Moines Elevator & Grain Co. v. Underwriters' Grain Association, supra, would be binding upon this court, but I cannot escape the conclusion that the Supreme Court in the Finn

case has greatly restricted and narrowed the rule under which it is to be determined whether or not a cause of action is joint or separate. Mr. Justice Reed said:

"One purpose of Congress in adopting the 'separate and independent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts. Section 71 allowed removal when a controversy was wholly between citizens of different states and fully determinable between them. Such a controversy was said to be 'separable.' * * *

"The Congress, in the revision, carried out its purpose to abridge the right of removal.

\* \* \* \* \* \*

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action'. § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose.

\* \* \* \* \* \*

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions there is no separate and independent claim or cause of action under § 1441(c)." [341 U.S. 6, 71 S.Ct. 538.]

The facts which give rise to the cause of action against the defendants in this case grow out of a single incident * * * the explosion and consequent destruction of the grain. The same proof of facts which would render one company liable to pay, would likewise render another company liable to pay, that is to say, that if the destruction of the grain was within the provisions of the policies, then all the insurers would be liable to pay their respective amounts. Their liability is based upon the destruction of the grain, if within the terms of the policy. The extent of their liability is fixed by the percentages set out in the certificate itself, and in this connection, the Supreme Court further stated:

"The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss, *the damage comes from a single incident.* The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal."

The question of construing § 1441(c) was before Judge Ridge of this court on Motion to Remand in the case of Henry Craft Mercantile Co. v. Hartford Accident & Indemnity Co., D.C., 107 F.Supp. 505, 508. In that case the plaintiff sued the Hartford Accident & Indemnity Company and one of plaintiff's employees, alleging the embezzlement of certain funds on the part of the individual defendant and his liability in tort therefor, and liability against the insurer as an indemnor.

Judge Ridge held that there was not a separate controversy as to the individual defendant who was charged with liability

762

to the plaintiff in tort for the embezzlement of the funds, and against the defendant insurance company under its policy of insurance insuring plaintiff against loss of money belonging to the plaintiff through the fraudulent or dishonest act of one of its employees. The defendant insurance company sought to remand the case on the ground that there was a "separate and independent claim or cause of action" as to it. In sustaining the Motion to Remand, Judge Ridge stated:

"In light of the foregoing authorities, it is my opinion that there does not exist in the instant case a 'separate and independent claim or cause of action,' within the meaning of § 1441(c), supra, notwithstanding plaintiff here premises his claim against the corporate defendant as a consequence of a contract between them, and that made against the individual defendant is the result of a tort, where both such claims arise as the consequence of 'one actionable wrong' and the former is dependent upon the latter."

Considering the reasoning which the Supreme Court has applied to § 1441(c) in the Finn case in determining what is a "separate and independent claim or cause of action" under that statute, leads me to the conclusion that there is no "separate and independent claim or cause of action" alleged in this case, and for that reason, the Motion to Remand is sustained and the cause is ordered remanded to the Circuit Court of the State of Missouri, within and for Jackson County.