The HARRISVILLE COMPANY,
Plaintiff,

v.

The HOME INSURANCE COMPANY, Centennial Insurance Company, American Alliance Insurance Company, Westchester Fire Insurance Company of New York, Fireman's Fund Insurance Company, United States Fire Insurance Company of New York and Federal Insurance Company, Defendants.

United States District Court,
S. D. New York.

Sept. 27, 1954.

Kirlin, Campbell & Keating, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for petitioner defendants.

NOONAN, District Judge.

This matter is before the court on a motion to remand the action to the Supreme Court of the State of New York, County of New York, on the ground that it was improperly removed to this court, and that this court does not have jurisdiction of the controversy.

The initial dispute arose from the stranding of a ship, and the consequent damage thereto. The action seeks to recover sue and labor expenses from seven insurance companies, five of which are New York corporations, one of which is a California corporation, and one a New Jersey corporation. The plaintiff is a Rhode Island Corporation.

The action, which was commenced in the Supreme Court, was removed to this court on the grounds that: (1) all claims or causes of action against the defendants arise under the Constitution, treaties or laws of the United States; and (2) as to two of the defendants, the claims and causes of action, being separate from each other and from those against the other five defendants, the citizenship requirements necessary to enable this court to have jurisdiction over the entire case are present.

■ With regard to the first ground, this court believes that the mere factor that the suit is brought on maritime insurance policies, and hence may be based on maritime law, is not sufficient to make it one founded on a claim or right arising under the Constitution, treaties or laws of the United States, Title 28 U.S.Code, Sections 1331 and 1441(b), so as to dispense with the necessity for showing diversity of citizenship. See the recent scholarly discussion by Judge Bruchhausen in the case of Paduano v. Yamashita Kisen Kabushiki Kaisha, D.C., 120 F.Supp. 304, and the cases referred to therein.

The citizenship of the defendants in this action hence becomes determinative of the jurisdictional question, as does the separability of the various causes of action sued upon; and, since several of the defendants herein are citizens of the State of New York, the case does not come under the diversity exception provided by the last sentence of Title 28, Section 1441(b). Thus, unless the defendants can qualify under section 1441 (c), the motion to remand should be granted.

In order to qualify under that subsection, each cause of action must be shown to be a "separate and independent claim or cause of action".

■ Just prior to the enactment of Section 1441 the provision pertinent to this case was Section 71 of the same Title, 1940 edition. This latter section has frequently been held to allow removal in cases where the claims or causes of action involved in the controversy were "separable". Therefore, the purpose of changing the wording of the pertinent provision of the section involved must be examined. The comment given with regard to this revision is here quoted from the Reviser's Notes to Section 1441, 28 U.S.C.A.

"Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation."

At a hearing before Subcommittee No. 1 of the House Judiciary Committee held on March 7, 1947, with regard to H.R.

2055 (a predecessor of the Bill that later enacted the 1948 revision), James Moore, Professor of Law at Yale University and author of Moore's Federal Practice and Moore's Commentary on the U. S. Judicial Code, testified with regard to this provision, " * * * and I believe considerable improvement has been made by section 1441(c)' relative to the removal of separable controversies and separate units—a matter which is in great confusion at the present time."

The above statements clearly indicate that the change in wording was designed to clarify and modify the law with regard to removal. For this reason, cases which were decided on the basis of the old law should not be controlling as to the meaning of the new one. Also see Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C., 82 F.Supp. 635.

■ No consideration of the problem at hand can ignore the leading Supreme Court case with regard to both legislative intent and judicial construction of the new section viz.: American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The following quotations from that case may be considered applicable to the case at bar:

"Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy' * * *. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." 341 U.S. at pages 11–12, 71 S.Ct. at page 539.

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441 (c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at pages 13–14, 71 S.Ct. at page 540.

The court also quoted (footnote 13) Moore's Commentary on the U.S.Judicial Code pp. 251–252:

" 'But where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal.' "

See also Finn case as reported after retrial, 5 Cir., 207 F.2d 113, certiorari denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069.

This court is aware that the facts in the Finn case are not identical with the facts in the instant case; one major difference is that a pro-rata liability clause is involved in the case at bar, and was not involved in the Finn case. Nonetheless, the case remains indicative of legislative intent and weighs heavily on the scales of judicial interpretation.

■ There are several individual policies that are sued upon in the case at bar, but this court believes each policy constitutes one part in an interlocked series of transactions, because of the pro-rata liability involved.

The case of Cudney v. Midcontinent Airlines, D.C., 1951, 98 F.Supp. 403, at page 405 states the principle that "The presumption is against jurisdiction in this Court in every case. The party alleging jurisdiction of this Court must clearly establish it. If right of removal is in doubt jurisdiction of this Court should be denied. The trend of decisional law is to restrict and limit the juris-

diction of this Court on removal." (Citing the Finn case, supra).

In view of all of the above, this court believes that the case should be remanded to the New York Supreme Court.

Motion to remand is, therefore, granted. Settle order.