The COMPRESSED PAPER BOX
CORPORATION,

v.

FIDELITY–PHENIX FIRE INSUR-
ANCE COMPANY et al.

No. 5031.

United States District Court,
D. Connecticut, Civil Division.

Sept. 28, 1954.

Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for plaintiff.

Wallace W. Brown, Gross, Hyde & Williams, Hartford, Conn., for defendants.

ANDERSON, District Judge.

This is an action originally brought in the Superior Court for Fairfield County in the State of Connecticut, by an insured, a Connecticut corporation located in Bridgeport, against several insurance companies, two of which were incorporated in Connecticut and the rest in other states. The petitioner claims to have suffered losses due to a heavy wind and rain storm; and seeks to recover on the extended coverage provisions of all the policies. The losses are alleged to have arisen out of damage to real estate, to fixtures, to tangible personal property and the intangible interest in the capacity to carry on its business.

All of the defendants brought about the removal of the action to the District Court, and the petitioner now seeks to have it remanded. The defendant, the Providence Washington Insurance Company, protests the remand and argues that the petitioner in the complaint has alleged separate and independent claims and causes of action, that the actions against the two Connecticut corporations may be remanded but that the court should exercise its discretion and retain all of the cases. Title 28 U.S.C.A. § 1441 (c).

The question at issue is whether or not there are in this suit "separate and independent claims or causes of action" for the purpose of this statute. The defendant argues that because the petitioner had separate contracts with each of the defendants and because the type of loss which it covered, differed from the types of loss covered by some of the other defendants, they are "separate and independent causes of action." The Supreme Court case, cited by both the petitioner and the defendant, which is determinative of the issue is American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

█ █ The definition in that case of "cause of action" for the purpose of the statute is very much narrower than that advanced by the defendant. The Supreme Court says in 341 U.S. on page 13, 71 S.Ct. on page 540,

"'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.'

"* * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

"* * * The single wrong for which relief is sought is the failure to pay compensation for the loss on the property."

█ In the present case "the wrong" which the petitioner is complaining of is that it has not been made whole for the total loss which it suffered due to the same single occurrence of a specific risk,

i. e., a certain wind and rain storm, against which all the defendants had insured it for one aspect of loss or another, and for which it is entitled to be made whole. Neither the fact that each policy puts a limit upon the money which the petitioner may recover from each defendant nor the fact that the loss concerns real estate, personalty and an intangible right changes the definition of the basic wrong. The following cases indicate a narrow construction of the portion of the statute involved. Snow v. Powell, 10 Cir., 189 F.2d 172; Butler Manufacturing Company v. Wallace & Tiernan Sales Corporation, D.C., 82 F. Supp. 635; Board of Education of Marlboro v. Hartford Fire Insurance Company, D.C., 105 F.Supp. 697; and Weldon v. Liberty National Life Insurance Company, D.C., 112 F.Supp. 315.

The Finn case, it might be added, is authority for saying that one purpose of the separate and independent claim or cause of action test for removability under the 1948 Revision of the Statute was to limit removal from state courts. The case should be remanded to the Superior Court for Fairfield County in the State of Connecticut and it is so ordered.