BALTIMORE GAS AND ELECTRIC COMPANY, a body corporate, and Bankers Trust Company

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, Royal Insurance Company, Limited, a body corporate of the United Kingdom of Great Britain and North Ireland.

Civ. No. 9814.

United States District Court
D. Maryland,
Civil Division.
March 11, 1958.

William Baxter and Richard F. Ober, Baltimore, Md., for plaintiffs.

Charles Markell, Jr., and Markell, Veazey & Gans, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

In this civil action, which was originally filed in the Superior Court of Baltimore City, plaintiff is claiming $30,953.66 from each of three insurance companies as their respective pro rata shares of a $92,861 loss alleged to have been covered by their several, separate policies. Plaintiff is a Maryland corporation; two of the defendants are foreign corporations and one a Maryland corpo-

*ration.* The two foreign corporations removed the case to this court under 28 U.S.C.A. § 1441(c), which provides, as amended June 25, 1948, 62 Stat. 937:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

At a pretrial conference the question arose whether this court has jurisdiction to hear the claim against the Maryland defendant, although no motion for remand had been filed and counsel for all parties stated that they desire the entire case to be tried in this court and will not file a motion for remand.

Claims under concurrent, pro rata, but separate insurance policies are separate and independent claims and causes of action. Hanover Fire Ins. Co. of City of New York v. Brown, 77 Md. 64, 73, 25 A. 989, 27 A. 314; Kornegay v. Hardware Mut. Fire Ins. Co., D.C.E.D. N.C., 106 F.Supp. 347, 348, Gilliam, J. See also Possidenti v. Mechanics & Traders Ins. Co., D.C.D.Md., 136 F.Supp. 544, Chesnut, J.; Century Ins. Co. v. Mooney, 10 Cir., 241 F.2d 910. Cf. South Carolina Elec. & Gas Co. v. Aetna Ins. Co., D.C.E.D.S.C., 114 F.Supp. 79, Timmerman, J. The claims alleged against the several insurance companies in the instant case are neither alternative nor joint. Cf. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, and Oriole Paper Box Co. v. Reliance Ins. Co., D.C.D.Md., 153 F.Supp. 264, 267, Watkins, J., in both of which the liability lay among several parties, but it was uncertain which were responsible. The plaintiff in the instant case is not suing to redress a "single wrong", 341 U.S. at page 14, 71 S.Ct. at page 540, but to redress the three separate wrongs alleged against the several defendants. The entire case was therefore properly removed under sec. 1441(c); the question is whether the claim against the Maryland defendant must be remanded to the state court.

Sec. 1441(c) does not say that the district court must remand all matters not otherwise within its original jurisdiction. It provides that the court "may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction".

It has been suggested that a literal construction of sec. 1441(c) might render a part of that subsection unconstitutional. Finn v. American Fire & Cas. Co., 5 Cir., 207 F.2d 113, certiorari denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (on appeal after remand to the district court); Lewin, "The Federal Court's Hospitable Back Door" etc., 66 Harv.L.R. 423. A majority of the Fifth Circuit in the Finn case concluded: "While it [sec. 1441(c)] provides for the removal of the entire case, and that the federal court may determine all issues therein, it contemplates the dismissal or remand for want of jurisdiction of all non-removal issues and controversies which constitute separate and independent claims or causes of action not arising out of the same transaction or from a related series of transactions". 207 F.2d at page 116. However, if that is the proper test to apply, it would appear that the separate and independent claims or causes of action in this case do arise out of a related series of transactions, namely, the issuance of the policies, the alleged explosion, and the claims made for the loss therefrom.

The Supreme Court did not reach the constitutional question in the Finn case. It did not even suggest that there is a constitutional problem. It stated that the changes made by the 1948 revision of sec. 1441(c) were intended to simplify the provision and to abridge the right of removal. American Fire & Cas. Co. v. Finn, 341 U.S. at pages 9, 10, 71 S.Ct. at pages 537, 538. The Supreme Court noted: "Care was taken to main-

tain opportunity for state trial of non-federal matters". 341 U.S. 10, note 3, 71 S.Ct. 538.

■ Surely the word "opportunity" was not carelessly selected. It is an appropriate word to express the discretion which the statute vests in the district court. It would scarcely have been used if the Court had been of the opinion that such discretion could only be exercised in one way. Obviously many cases should be remanded. But in some cases, as in this, the similarity of the issues, arising out of the same or related transactions and incidents, the convenience of parties and witnesses and the importance of conserving the time of judges, juries, and other court officials, all point to the desirability of a single trial. Counsel for all parties agree that this is such a case and desire a single trial in the federal court.

For the reasons stated above, this court will retain jurisdiction of the entire case and determine all issues therein.