**LEONARDS COMPANY, doing business as Ray's, Plaintiff,**

**v.**

**OHIO INSURANCE COMPANY, an Ohio Corporation, et al., Defendants.**

**Civ. No. 2372.**

United States District Court
S. D. Ohio, W. D.

Harry S. Winer, of Shaman, Winer, Shulman & Ziegler, Hugh H. Altick, of Altick & McDaniel, Dayton, Ohio, for plaintiff.

Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Rowan Greer, of Landis, Fer-

guson, Bieser & Greer, Dayton, Ohio, for defendants.

WEINMAN, District Judge.

This matter is before the Court on plaintiff's motion to remand. Plaintiff, the Leonard's Company, sued thirteen insurance companies in the Common Pleas Court of Montgomery County on contracts of business interruption insurance. Eleven of these insurance companies, all of which are foreign corporations, filed a petition for removal to this Court under 28 U.S.C. § 1441(c).[1] The remaining two defendants, both of which are domestic corporations, did not join in the petition for removal. Plaintiff now seeks to have the case remanded to state court.

As a general rule, all defendants must join in a petition for removal and a case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In the instant action, two of the defendant corporations are incorporated in Ohio and the requisite diversity is therefore lacking. An exception to the general rule requiring complete diversity is 28 U.S.C. § 1441(c). Therefore, the controlling question in this matter is whether each of the claims against the eleven insurance companies which seek to remove constitutes "a separate and independent claim or cause of action" under § 1441(c).

The additional facts of this case which are necessary for the disposition of the motion are as follows: each of the thirteen insurance companies issued a separate policy of business interruption insurance to plaintiff; each policy is identical in terms and each provides for the pro-rata liability of each issuing company, i. e., each defendant is liable for a percentage of the total loss.

The only United States Supreme Court case which has construed the "separate and independent claim or cause of action" test of removability under 28 U.S.C. § 1441(c) is American Fire & Casualty Co. v. Finn,[2] wherein the Court compared this statute to 28 U.S.C. § 71,[3] the statute which had, before its repeal, controlled questions such as the one in the instant case. In construing § 1441(c), the Supreme Court said:

"Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' [The test of removability under 28 U.S.C. § 71 before it was repealed.] In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between federally cognizable proceedings and those cognizable only in state courts before allowing removal.

\* \* \* \* \* \*

"\* \* \* Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of

---

1. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

2. 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

3. "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

transactions, there is no separate and independent claim or cause of action under § 1441(c)."[4]

▇ This Court has carefully reviewed the cases cited by plaintiff, those cited by defendants and others.[5]

In the opinion of this Court, one of the most important factors in deciding this motion is the fact that the only just manner in which a case such as the instant one could be tried would be to have a trial in which all thirteen of the insurance companies are parties defendant so that the judgment would be res judicata as to all defendants. This is necessary because the thirteen insurance companies are bound by contract to share pro-rata in the loss and only one trial should be had to determine that loss. This leads to the necessary conclusion that if this Court were to allow the removal, it must, because of the interlocking nature of pro-rata liability insurance contracts, allow the entire case to be removed; thus bringing in the two insurance companies which did not join in the petition for removal. However, since these claims are so interlocked as to require, in the interest of justice, the removal of the entire case, it appears clear to this Court that the claims are therefore not separate and independent.[6]

Both counsel for plaintiff and counsel for defendants agree in their briefs that state law must determine whether a claim or cause of action is separate and independent; however, defendants' argument that the law of Ohio considers these claims as separate and independent is not convincing.[7] Rather, the liberal joinder statutes of Ohio compel the conclusion that the claims are not separate and independent since joinder is so readily permitted.[8]

The decision of this Court is that the plaintiff is seeking to recover for but one injury, the loss sustained when its normal business was interrupted, and the nature of pro-rata liability insurance policies is such that each of the thirteen insurance companies is a necessary party to a complete determination of the case; therefore, this case should be and it hereby is remanded to the Common Pleas Court of Montgomery County.

---

4. American Fire & Casualty Co. v. Finn, supra Note 2 beginning at page 11.

5. The following is a partial list of the district court cases reviewed by this Court before reaching its decision in the instant case: Universal Surety Company v. Manhattan Fire & Marine Insurance Co., D.C.S.D.S.D. 1958, 157 F.Supp. 606; Harrisville Co. v. Home Insurance Company, D.C.S.D.N.Y. 1954, 129 F.Supp. 300; South Carolina Electric & Gas Company v. Aetna Insurance Company, D.C.E.D.S.C. 1953, 114 F.Supp. 79; Kornegay v. Hardware Mutual Fire Ins. Co. of the Carolinas, D.C.E.D.N.C. 1952, 106 F.Supp. 347; Board of Education of Marlboro Township, Monmouth County v. Hartford Fire Insurance Company, D.C.N.J. 1952, 105 F.Supp. 697 and McFadden v. Grace Line Inc., D.C.S.D.N.Y. 1948, 82 F.Supp. 494.

6. See, for similar reasoning and conclusion, South Carolina Electric & Gas Company v. Aetna Insurance Company, supra Note 5.

7. The defendants which filed the petition for removal cite Farm Bureau Mutual Automobile Ins. Co. v. Buckeye Union Casualty Co., 1946, 147 Ohio St. 79, 67 N.E.2d 906, and Assets Realization Co. v. American Bonding Co., 1913, 88 Ohio St. 216, 102 N.E. 719, in support of their contention that the law of the State of Ohio is that the claims against the eleven insurance companies are "separate and independent." This Court agrees that for some purposes pro-rata liability insurance contracts are "separate and distinct" contracts, to use the language of the cited cases, e. g., if one of the insuring companies were to become bankrupt those remaining solvent would not be required to pay the share of the bankrupt company. However, this Court is unable to say that the contracts in the instant case are separate and independent under § 1441(c) because of the interlocking nature of the contracts.

8. See Ohio Revised Code, §§ 2307.19 and 2307.26.