**CHARLES DOWD BOX COMPANY, Inc., et al., Plaintiffs, Appellants,**

v.

**FIREMAN'S FUND INSURANCE COMPANY et al., Defendants, Appellees.**

**No. 5911.**

United States Court of Appeals
First Circuit.

May 14, 1962.

Sumner H. Babcock, Boston, Mass., with whom Everett H. Parker and Bingham, Dana & Gould, Boston, Mass., were on the brief, for appellants.

John W. Burke, Boston, Mass., with whom Francis E. Dooley, Jr., Robert E. McCourt and Burke, Monaghan & McGrath, Boston, Mass., were on the brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal under § 1292(b) of Title 28 U.S.C. from an order denying a motion to remand an action against 39 insurance companies to the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk where it originated.

The plaintiffs below, Charles Dowd Box Co., Inc., and Dowd Realty Co., are both Massachusetts corporations having their principal places of business in that Commonwealth, and are the named assureds in 51 fire insurance policies and 10 business interruption policies issued by the defendant insurance companies. The total face amount of the fire policies is $1,996,000; that of the business interruption policies is $155,000. All policies are in the Massachusetts standard form and as such each group contains identical pro-rata and co-insurance clauses.

On July 11, 1960, and again on July 16, 1960, the plaintiffs' premises were seriously damaged by fires. The 39 insurance companies refused to settle for the loss and within a year the plaintiffs brought a single action in 61 counts against them in the Superior Court of Massachusetts for Suffolk County. Each

count of the complaint alleges the issuance of a single policy (51 allege the issuance of a fire policy and 10 the issuance of a business interruption policy), that the plaintiffs suffered loss within the coverage of the policy and that the defendant which issued the policy is liable thereon but despite demand has paid no part of its contractual obligation.

All the defendants joined in one answer consisting of a general denial, an allegation that the policies were suspended at the time of the fires and an allegation that the insureds had violated the automatic sprinkler clause. And at the same time, which was within the time provided by Title 28 U.S.C. § 1446 (b), 32 of the 39 defendants filed a single joint petition for removal of the action to the United States District Court for the District of Massachusetts. Four of the 7 defendant insurance companies not joining in the petition for removal are Massachusetts corporations and the remaining 3 had each issued only one policy in a face amount less than enough for federal jurisdiction. Promptly after the filing of the petition for removal the plaintiffs-appellants filed a motion for remand, which the court below denied, and they thereupon perfected this appeal under Title 28 U.S.C. § 1292(b).

▆▆▆ Federal question jurisdiction is not involved. The only possible basis for federal jurisdiction is diversity of citizenship and an amount in controversy in excess of $10,000. But diversity jurisdiction is not complete for as to some defendants the requisite amount is not in controversy and others are co-citizens of the plaintiffs. Since some of the parties defendant are citizens of the same state as the plaintiffs, original federal diversity jurisdiction of the action is lacking, Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806), and removal is not authorized under the last sentence of

§ 1441(b) of Title 28 U.S.C., which provides that civil actions other than those founded on claims of federal right " * * shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1] Therefore if the present action is removable at all it must be so under § 1441 (c) which provides:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

▆▆▆ Although the Court in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), did not advert to the point, it seems to have decided sub silentio, as it is generally held, that under this provision the splitting of joined causes of action and the separate trial of one part in the federal court and the other part in the state court is not permitted as a matter of right.[2] "Under Section 1441(c) the whole multiple issue or multiple party suit is removed to the federal court or none of it is, although after proper removal the federal court may in its discretion split off and remand 'all matters not otherwise within its original jurisdiction.'" Lewin, Removal of Non-Federal Causes, 66 Harv.L.Rev. 423, 428 (1953). Indeed, the statute makes this clear, for it specifically provides for removal of the "entire" case. Thus, contrary to what appears to have been the impression of the court below, if the petition of the 32 defendants for removal is effective it will remove the

---

1. It is not suggested that the defendants were not properly joined and served as defendants in the action as brought.

2. In Finn only the two non-citizen insurance companies petitioned for removal but the Court apparently treated their petition as including the cause of action stated against their local agent, a co-citizen of the plaintiff.

entire action into the federal court, even that part of it against the defendants over which the court lacked original jurisdiction. The question under § 1441 (c) is whether the case consists of "separate and independent" claims or causes of action.

 In answering this question we do not pause to consider the subsidiary question whether the plaintiffs' claims against the insurance companies would be considered separate and independent under Massachusetts law, for the Court in Finn, without reference to the law of Texas, decided that point solely as a matter of interpretation of the federal statute. Contra, Kornegay v. Hardware Mutual Fire Insurance Co., 106 F.Supp. 347 (E.D.N.C.1952); Baltimore Gas & Electric Co. v. United States Fidelity & Guaranty Co., 159 F.Supp. 738 (D.Md.1958), 166 F.Supp. 703, rev'd on other grounds, 269 F.2d 138 (C.A.4, 1959). Nor do we stop to inquire whether the plaintiffs below have a "separable controversy" with each individual insurance company, because with reference to the present statute the Court in Finn said at page 11 of 341 U.S., at page 538 of 71 S.Ct.: "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action."

██ The plaintiffs' claims against the several insurance company defendants are separate and independent in the sense that each claim against each insurance company is under a separate policy independently negotiated. However, the same might have been said in Finn, where the plaintiff, a citizen of Texas, brought an action in a state court against two non-resident insurance companies and their local agent, a citizen of Texas, on separate and alternative theories of liability for a fire loss, but the Court nevertheless held that the claims were not separate and independent and so the action was not removable.

In reaching its decision in Finn the Court first laid stress on two points. Referring to the Reviser's Notes it said at pages 9 and 10, 71 S.Ct. at page 538:

"One purpose of Congress in adopting the 'separate and independent claim or cause of action' test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71,[3] was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts." [4]

And then, at pages 13 and 14, 71 S.Ct. at page 540, the Court said:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441 (c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

The Court then discussed the facts before it, which we have very briefly set out above, and announced its conclusion on page 16, 71 S.Ct. on page 541 in the following language:

"The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss,[5] the damage comes from a single incident.

---

3. Under which "separable controversies authorized removal of the suit." See Finn page 11, 71 S.Ct. page 538.

4. It added later on page 10, 71 S.Ct. on page 538 that in the revision of 1948 Congress had "carried out its purpose to abridge the right of removal."

5. Reiss was the local agent of the two out-of-state insurance company defendants and a co-citizen of the plaintiff.

The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441 (c) requires. Therefore, we conclude there was no right to removal."

In the case at bar the plaintiffs suffered a single loss. The two fires 5 days apart are, of course, to be treated for present purposes as one. And the wrong alleged is the defendants' failure to pay compensation for it, which is the same wrong alleged by the plaintiff in the Finn case. Compressed Paper Box Corp. v. Fidelity-Phenix Fire Insurance Co., 124 F.Supp. 561, 562 (D.Conn.1954). Moreover the plaintiffs' transactions with the insurance company defendants in this case are more "interlocked" than in Finn. In fact the transactions in the case at bar are not only interlocked but interwoven by reason of the identical pro-rata and co-insurance clauses. Leonards Co. v. Ohio Insurance Co., 182 F. Supp. 340, 342 (S.D.Ohio 1960); Harrisville Co. v. Home Insurance Co., 129 F. Supp. 300, 302 (S.D.N.Y.1954); Board of Education v. Hartford Fire Insurance Co., 105 F.Supp. 697, 700 (D.N.J. 1952). Furthermore in Finn the liability of the defendant was alternative, whereas on the pleadings here, should one defendant be liable on the loss, all would be, each in its pro-rata share. Hart-Bartlett-Sturtevant Grain Co. v. Aetna Insurance Co., 108 F.Supp. 757, 761 (W.D.Mo.1952). If the claims made in Finn are not "separate and independent" enough for removal under § 1441(c) certainly the claims in this one are not either. We quite agree with Judge Forman in Board of Education v. Hartford Fire Insurance Co., supra at 699, that in view of the criteria set out in the Finn case the mere issuance of separate policies of insurance does not give rise to "separate and independent" claims for a single loss and also that in view of the common practice of multi-policy insur-

ance coverage it would be unrealistic to hold that there was sufficient independence of the claims against each insurer to satisfy the call of § 1441(c).

Other considerations support our conclusion. In the first place it is consistent with the statement in Finn based on the Reviser's Notes that § 1441(c) was designed by Congress to limit the right to removal from the state courts. In the second place our conclusion heeds the admonition in Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934), that federal jurisdictional statutes are to be strictly construed. And in the third place, as in Finn, our conclusion avoids coming to grips with the argument, made by Lewin in the Harv.L.Rev. article cited above, that § 1441(c) exceeds the constitutional limitation on the jurisdiction of the federal courts in both federal question and diversity cases.

An order will be entered vacating the order of the District Court and remanding the case to that Court with directions to grant the plaintiffs' motion for remand.