**SAM EVANS AUTO PARTS CO., INC.
and T. R. T., Inc.**

v.

**The TRAVELERS INDEMNITY CO. et al.**

**Civ. A. No. 75–88.**

United States District Court,
E. D. Pennsylvania.

Feb. 24, 1975.

Nicholas Kozay, Jr., Philadelphia, Pa., for plaintiffs.

H. P. Begier, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

BECHTLE, District Judge.

The issue presented by the motion to remand this case to the Court of Common Pleas of Philadelphia, where it was originally brought, is whether the allegations of the complaint against four insurance companies assert a "separate and independent claim or cause of action" against each of the companies. If

so, the action was removable and the motion to remand must be denied; if not, the motion must be granted.

Plaintiffs are corporations organized under the laws of Pennsylvania with their principal places of business in Philadelphia, Pennsylvania. For convenience and simplicity of presentation, the four defendants will be referred to as "A," "B," "Y," and "Z" companies. They are insurance companies qualified to do business in Pennsylvania. "A" and "B" are domestic companies; while "Y" and "Z" are foreign companies, and their principal places of business are in states other than Pennsylvania.

According to their complaint, plaintiffs owned a building in Philadelphia which they used mainly to conduct a business of repairing and installing of springs, rears and transmissions on motor vehicles. On March 1, 1973, three of defendants ("A," "B," and "Y" companies) issued policies insuring plaintiffs against three perils: building damage, its contents being destroyed, and interruption of their business conducted in the building. Seven and one-half months later, defendant "Z" company also issued a policy insuring plaintiffs against the same perils as did the other policies. The total coverage of the four policies was $604,600. "Y" company's share of the coverage amounted to 30.4% of the total, while that of the other three was 23.2% each. On July 15, 1974, the building covered by the above four policies was partially destroyed by a fire "which did not happen or occur from any one of the causes [ex]cepted in the policies." Plaintiffs thereafter filed timely proofs of loss with each insurance company and now is claiming the sum of $1,100,000—of which no part has been paid by any of the defendants. The complaint also includes a claim for punitive damages against each of the companies since "the failure of defendants to honor this claim is without justifiable cause and constitutes bad faith."

Plaintiffs filed their complaint in the Common Pleas Court of Philadelphia in December of 1974 and properly served all four defendants. Within 30 days of receiving notice of the complaint, the foreign companies, "Y" and "Z," removed the action to this Court on January 10, 1975, citing 28 U.S.C. § 1441(c) as authority for doing so. Defendants "A" and "B," the domestic companies, did not join in the removal petition. The alleged ground for the petition was that the complaint purports to allege a "separate and independent claim or cause of action" between plaintiffs and each of the "Y" and "Z" companies, as well as separate and independent claims and causes of action between plaintiffs and each of the "A" and "B" companies.

Plaintiffs deny these allegations and assert as a basis for their motion to remand that the claim against "Y" and "Z" companies does not meet the requirements of 28 U.S.C. § 1441(c). This subsection provides:

"(c) Whenever a separate *and independent* claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." (Emphasis added.)

There is no dispute that if "Y" and "Z" companies were the only defendants involved in the action the matter would have been properly removed under 28 U.S.C. § 1441(a). Complete diversity of citizenship would then exist, and the claim against each of them exceeds $10,000 exclusive of interest and costs [1] and the conditions of footnote 2, below, are met. There is also no disagreement that if "A" and "B" companies were in turn the sole defendants in the case, the action would be "otherwise non-removable" within the meaning of the subsection. Outside of interpreting and apply-

---

1. In dollar amount, "Y" company's proportionate share of the total coverage was $183,250; while that of "Z" company came to $140,450.

ing § 1441(c), there is no Federal question in this case and none has been raised in the complaint. "A" and "B" companies are deemed to be citizens of Pennsylvania, the same as that of plaintiffs and of the state in which the action was brought.[2] This leaves us with the issue posed at the outset of whether the claims or causes of action against "Y" and "Z" companies are "separate and independent."

Except as to the amounts of coverage, the four policies issued by the companies are identical, their being of the standard form required by Pennsylvania law. Each of them insured plaintiffs against the same three perils and covered the same property. Each contains pro-rata and co-insurance clauses requiring any loss to be borne by each insurance company involved in proportion to the amount of insurance underwritten as set forth in the respective policies. The relief which plaintiffs seek is damages resulting from the happening of a single event—a fire which partially destroyed their building. They are seeking to recover for the same losses.

The Supreme Court's construction of 28 U.S.C. § 1441(c) in American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), controls our decision here. Where a single event leads to liability under like policies of insurance, the refusal of each insurance company to pay compensation for the loss insured against under the policies are deemed a "single wrong." In that case, the Court said, "[W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." (Footnote omitted.) See, Charles Dowd Box Co. v. Fireman's Fund Insurance Co., 303 F.2d 57 (1st Cir. 1962); Board of Education v. Hartford Fire Ins. Co., 105 F.Supp. 697 (D. N.J.1952); Leonards Company v. Ohio

Insurance Company, 182 F.Supp. 340 (W.D.Ohio 1960). The fact that "Y" company's policy was issued at a date later than those of the other companies does not make the claim against "Y" company separate and independent from those asserted against the other three. The difference in dates of issuance has no bearing on the liability of any defendant.

Each defendant may have a different reason for having refused to honor its proportionate share of the claim. However, that possibility will not keep the case here. A request for punitive damages in addition to compensation within the coverage of the policies does not constitute a separate and independent claim within the meaning of § 1441(c). See, Frontier Enterprises, Inc. v. ICA Corporation, 319 F.Supp. 1156, 1160 (D.Minn.1970).

Since the potentially removable claim made against "Y" and "Z" companies are not separate and independent from that made against "A" and "B" companies within the meaning of § 1441(c), plaintiffs' motion to remand will be granted.

---

2. "An extremely important limitation on removal is that diversity cases are removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." Wright, Law of Fed. Courts (1970) § 38, p. 134.