# TEXAS & PACIFIC RAILWAY COMPANY *v.* BIGGER.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 342.   Submitted November 30, 1915.—Decided December 13, 1915.

Where the case was tried to a jury and there was a verdict for plaintiff, disputed questions of fact must be considered by the appellate court as determined against defendant.

On appeal from a judgment of the Circuit Court of Appeals affirming a judgment of the trial court based on a verdict, this court is confined to considering questions of law arising on the rulings of the court.

A defendant removing the case from the state court, and not reserving any exception to the jurisdiction of the state court, cannot after pleading in, and submitting to the jurisdiction of, the Federal court raise the question of the original jurisdiction of the state court.

A general contention that the trial court should have directed a verdict for defendant involves the whole case, and facts and law may, as in this case, be so intermingled as to make the latter dependent upon the former.

A carrier which has accepted a passenger to a definite point does not discharge its duty by delivering him in an unsuitable place without protection from the inclemency of the weather.

There having been conflicting testimony whether plaintiff's intestate

was or was not necessarily compelled through the negligence of the defendant carrier to submit to conditions resulting in his sickness and death, and the court having charged that if the jury believed the defendant's testimony in that respect, plaintiff could not recover at all, and if plaintiff's evidence was true it appears that defendant did not exercise even ordinary care, a verdict for plaintiff should not be set aside because of statements in the charge in regard to different degrees of care owed by the defendant under varying circumstances to its passengers.

218 Fed. Rep. 990.

THE facts, which involve the validity of a judgment of the Circuit Court of Appeals in an action for injuries sustained by a passenger against a carrier, are stated in the opinion.

*Mr. George Thompson* and *Mr. T. D. Cobbs* for plaintiff in error.

*Mr. H. C. Carter* and *Mr. Perry J. Lewis* for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Action for personal injuries brought by J. T. Bigger against plaintiff in error and the International & Great Northern Railway Company and the St. Louis, Iron Mountain & Southern Railway Company in the state district court of Bexar County, Texas.

The case made by Bigger's pleading was this:

Bigger was a passenger upon the Texas & Pacific Railway Company's train on a ticket from San Antonio, Texas, to Owensboro, Kentucky, and return, having purchased the ticket from the International & Great Northern Railway Company, at San Antonio, Texas. A partnership was alleged between the companies.

Bigger was returning from Owensboro to San Antonio and was compelled and required to leave the train at

Longview during a very severe downpour of rain at a
place where there was no protection. His clothes became
thoroughly drenched with rain, and he was required to
ride in them so drenched until he reached San Antonio
at about 10 o'clock at night. As a result of such exposure
and wetting he became seriously ill.

At the time the Texas & Pacific reached the station at
Longview there was in the train a car destined to San
Antonio, on the line of the International & Great Northern
Railway, of which the employés of the Texas & Pacific
knew but they neglected to inform Bigger of the fact and
give him an opportunity to transfer to such car.

It was charged in his complaint that such facts con-
stituted negligence on the part of the company and its
employés.

In accordance with a petition by the Texas & Pacific
Company the case was removed to the United States
district court for the western district of Texas. There
an amended petition or complaint was filed suggesting
Bigger's death and his wife and six children were made
parties plaintiff.

The St. Louis, Iron Mountain & Southern Railway
Company filed a separate demurrer and answer.

The International & Great Northern Railway Company
and the Texas & Pacific Railway Company joined in a
general demurrer and in an answer to the merits. Sub-
sequently both of the latter companies were given leave
to amend and availed themselves of it. The answer of
the Texas & Pacific Railway Company contained a gen-
eral demurrer, a general denial of the allegations, and set
up special matters in defense. It contained no plea or
exception to the jurisdiction of the court, state or Federal.

The case was continued and set for trial upon motion
of defendants, and the Texas & Pacific Railway Company
then filed a second amended answer in which it set up
that it was incorporated under an act of Congress, had

its domicile in Dallas, Texas, that no part of its road was in Bexar County, and therefore the action was improperly brought in the latter county and the court was without jurisdiction to try it, it being "one arising under and involving damages for personal injury." Insufficiency of the petition in law was also alleged and that the petition showed on its face that the company was a common carrier without any elements of partnership existing between it and the other defendants. The answer also contained general denials of the allegations of the petition and averred besides that Bigger had ample opportunity to transfer from one coach to another and that had he used ordinary care he would have got into the proper coach either when he first boarded the train or at some time during passage. That the railway company complied with its duty when it safely transported Bigger to Longview and at that station its relation to him, so far as he was a passenger, terminated, as he was entitled to ride to such point and no farther.

That it stopped its train at the usual place and the station building and shelter from rain was in close proximity to such point. That other passengers alighted and proceeded to such station building, that there was no reason why Bigger should not have done so and that his exposure was due to his own negligence.

That his ill health and subsequent death were not caused by nor were they the result of any negligence of the company but that he was in an extremely poor state of health, having been the victim for a long time of a tubercular infection which had so far progressed that he had been compelled to give up his work and return to San Antonio, with hope practically abandoned, and that his death was the proximate and direct result of such infection.

Upon the issues thus joined the case was tried to a jury. The court directed a verdict for all of the companies

except the Texas & Pacific, against which company a verdict was returned in the aggregate amount of $15,250.00, the amounts awarded to the wife and children being respectively specified. Judgment was entered accordingly and affirmed by the Circuit Court of Appeals.

A motion is made to dismiss or, alternatively, to affirm.

The motion to dismiss is overruled. The railway company is a Federal corporation and the questions raised are not frivolous.[1] We pass, therefore, to the merits.

The questions of fact must be considered as determined against the company by the verdict of the jury, that is, that Bigger was required to get off the train at Longview in a drenching rain, that the accommodations there were insufficient for the protection of passengers, that he could have been transferred to a coach attached to the train but was not, nor was he told of it, and that the exposure resulted in his death. And, further, the verdict is conclusive as to the condition of his health and as to the expectancy from his life.

Our consideration, therefore, must be confined to the questions of law arising on giving or refusing instructions, or on some other ruling of the court. There is such other ruling. The company in its second amended answer in the district court excepted to plaintiff's petition on the ground that it showed on its face that the suit was improperly brought in Bexar County. The exception was overruled and this is assigned as error. It was not error. The petition for removal contained no reservation of a question of the jurisdiction of the state court and after the case reached the district court there were pleadings to the

---

[1] This case was pending in this court before and at the time of the passage of the act of January 28, 1915, 38 Stat. 804, c. 22, §§ 5 and 6, which takes away from courts of the United States jurisdiction in suits by or against any railroad company on the ground that such company was incorporated under an act of Congress. The act excepts actions or suits pending at the time of the passage of the act.

merits and other action submitting to the jurisdiction. *Tex. & Pac. Ry* v. *Hill*, 237 U. S. 208.

There is the general contention that a verdict should have been directed for the company. The contention involves the whole case, and facts and law are so intermingled as to make the latter inseparably dependent upon the former. For instance, it is urged that Bigger did not exercise care when he boarded the train at Little Rock. He could have known, it is said, that there was an International & Great Northern coach attached to the train and that he should have heard the announcement to passengers to transfer to that coach; and "should at some time during the route have looked and listened." The announcement is disputed, and whether he should have known of the International & Great Northern coach, was for the jury to decide.

There is testimony to the effect that Bigger was required to get out at Longview during a rain of such severity as to amount to a cloudburst and which had covered the ground with water. Against this, it is said that where he descended from the train was a suitable place to walk and that there were sheds and depots and other buildings near at hand to protect him from the rain. And it is urged that he should not have continued his journey in wet clothes; that he could have changed clothes at a hotel in Longview or sought the accommodations of a Pullman sleeper. Finally it is said that the Texas & Pacific owed him no further duty when he left its train. The latter contention can be immediately rejected. The company accepted him as a passenger for a destination beyond Longview and its duty was not discharged by delivering him to a storm, protected from its inclemency only by the shelter afforded by a "switch shanty," so-called by an employé of the road. We may remark that to that shanty a lady passenger was also conducted by the porter of the train, he apparently not having knowledge of the existence

of other buildings which the company alleged were available to Bigger. The lady testified that the water was "three inches deep on the ground" and came to her ankles and that "it was raining just like a cloud-burst." Nor was it a condition suddenly occurring. It rained before the train reached Longview, "and the tracks looked," the witness said, "like they were covered with water." And, we may say, as indicating the severity of the storm, the train was compelled to return to Longview on account of washouts. Such conditions of discomfort and peril to health she, Bigger, and, it appears, two other passengers, were required to pass to and endure in order to take a car which was attached to the train and which could have been reached by merely passing through other cars. And these were the conditions a jury had the right to believe existed, although there was contradiction of them. The other contentions involved considerations for the judgment of the jury.

There is an objection to the charge of the court that it gave too much emphasis to the duty of the company and not enough to the duty of Bigger as a passenger. The objection involves the charge as a whole, and, as it would be inconvenient to quote it, we simply say that the objection is not justified. The court expressed the elements of liability of the company, and it expressed as well the conditions of recovery on the part of plaintiffs, and it is hypercritical to say that the emphasis was more on one than on the other, as presently will be shown.

The most important contention of the company is based on the charge of the court as to the degree of care required of the company. The court said that if Bigger's "illness and subsequent death did not result directly from the negligence of the defendant, they [plaintiffs] would not be entitled to recover." And, it was added, "What then is negligence? It is the failure to do what a reasonable person would ordinarily have done under the circumstances of

the situation, or the doing what such person, under the existing circumstances, would not have done. The essence of the fault may lie in omission or in commission. The duty is dictated and measured by the exigencies of the occasion."

The court recited the evidence and the contentions of the parties and said that it was the duty of the company "to provide adequate and safe accommodations for passengers where they could alight to change cars and where they could be protected." And, further, that if this was done the company had fulfilled its duty and no recovery could be had against it. If it had not done so, and, "if the employés of the defendant required the deceased to get off the train in a severe rain, and his illness resulted therefrom without any fault or negligence on his part, the plaintiffs would be entitled to recover." And it was said: "In this connection you are further instructed that the deceased was required to look out for his own comfort and safety; and if he was in any respect guilty of negligence contributing to his illness and death, then no recovery can be had by the plaintiffs in this proceeding."

The court, at the request of the company, further instructed the jury that if Bigger at the time he entered the car was sick with lung trouble and knew there were chances of injury by exposure and he neglected to use ordinary care and prudence to protect himself against any contingency which might arise during the journey, and if he changed cars when by the use of ordinary care he could have avoided doing so or if there was a safer way for him to have gone, which he might have ascertained by ordinary care, the company would not be responsible for the injury which resulted, if any resulted. And further that "all these facts and circumstances in connection with his [Bigger's] condition" should be considered in determining "whether or not he used that ordinary care and prudence which an ordinarily prudent person would have exercised

under similar circumstances." To these instructions there was no objection except to that part which extended the duty of the company to the protection of passengers after they had alighted from the train.

But the court instructed the jury, at the request of plaintiffs, that the railway company "owed its passengers the duty to exercise that high degree of care that would be exercised by every prudent person under the same or similar circumstances, and a failure to exercise such degree of care would be negligence." This instruction is attacked as error only because it imposed a high degree of care on the company after Bigger had left the train "and was therefore in a position to use care in taking care of himself." The ground of the objection seems to be that the duty of the company ceased upon the arrival of its train at Longview. To this, as we have already said, we cannot assent. The same care was necessary to be observed for Bigger's protection at that place, under the circumstances presented by the record, as was necessary to be observed in his transportation, and the charge of the court correctly expressed it. *Penn. Co.* v. *Roy,* 102 U. S. 451; *Indianapolis &c. R. R.* v. *Horst,* 93 U. S. 291.

But even if the railway company could plead a lesser degree of care than that declared to be its duty in the charge of the court, it is very disputable if error was committed to the prejudice of the company. Between the plaintiffs' ground of action and the company's ground of defense there was a clear line of distinction. The testimony of plaintiffs was to the effect that Bigger was compelled to descend from the train in the midst of a severe storm to the inadequate protection of a mere shanty to await the car for San Antonio, such car being attached to the train he was on and to which he could have gone by simply passing through other cars had he been told that it was part of the train. The company asserts that he was told and that he disregarded the information. If the latter

was true the company was not liable, and the court so instructed the jury. If the testimony of plaintiffs was true the company did not observe even ordinary care; and which was the fact it was for the jury to decide, and their judgment in deciding could not have been embarrassed by a consideration of degrees of negligence or care.

The other contentions of the company we think do not require special comment. They are directed to the proposition, many times repeated, that the company owed no duty to Bigger or else had observed it, and that Bigger had not used care either in avoiding exposure or in preventing an injurious effect from it. They attack the sufficiency of the evidence and assert, in effect, that its conflicts should be resolved against plaintiffs. The propositions of law involved are those which we have considered.

*Judgment affirmed.*

The CHIEF JUSTICE, MR. JUSTICE VAN DEVANTER and MR. JUSTICE McREYNOLDS dissent, because they are of opinion that some of the instructions complained of laid upon the carrier a heavier duty than the law recognizes.