**Isaac HAFIF, Plaintiff,**

v.

**CALEDONIAN–AMERICAN INSUR-
ANCE COMPANY OF NEW YORK,
The Commonwealth Insurance Com-
pany of New York, American Equitable
Assurance Company of New York, Fire
Association of Philadelphia, Atlas As-
surance Company, Limited, and The
Yorkshire Insurance Company, Defend-
ants.**

United States District Court,
S. D. New York.

Jan. 25, 1955.

Ferris, Adams & Creidy, New York
City, for plaintiff.

Macpeak, Abrams & Bleich, New
York City, for all defendants except
Commonwealth Ins. Co. of New York.

Lowenstein, Pitcher, Amann & Parr,
New York City, for defendant, Common-
wealth Ins. Co. of New York.

BICKS, District Judge.

Petitioner, a citizen of New York,
commenced this suit in the state Su-
preme Court against six insurance com-
panies seeking recovery from each of
them of its proportionate share of a fire
loss sustained by plaintiff. The com-
plaint alleges that each of the six de-
fendants issued a policy of fire insurance
covering certain property in St. Louis;
that the insured property was damaged
or destroyed by fire; and that the defend-
ants duly signed a non-waiver agreement
in which it was agreed and determined
that the loss and damage sustained by
the plaintiff as a result of said fire
amounted to the sum of $54,121.36.
Judgment is demanded against each of
the defendants of that proportion of the
agreed total loss that the amount of the
policy issued by each defendant respec-
tively bears to the total amount of in-
surance. Two of the defendants, foreign
corporations,[1] filed a petition for re-
moval pursuant to Section 1441(c) of

1. Fire Association of Philadelphia is a
Pennsylvania corporation; Atlas Assur-
ance Company Limited is an English cor-
poration.

Title 28 U.S.C.[2] in which the remaining defendants, all New York corporations, joined.

Petitioner, relying principally upon American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, now moves for remand contending that, within the meaning of Section 1441(c), his claims against the two foreign defendants are not "separate and independent" from his claims against the others.

In the Finn case a resident of Texas sued in the state Court a resident of that state and two non-resident insurance companies. In the first portion of the complaint facts were stated that made one of the two non-resident defendants liable. The next portion thereof stated in the alternative an obligation by the other non-resident to pay the same loss. The last portion of the complaint, alternative to both the preceding, alleged that the resident defendant and the two non-resident insurance companies were jointly and severally liable for the loss. The defendants removed under Sec. 1441(c) and, since universal diversity was lacking, the issue was presented whether the claim against the local defendant was "separate and independent" from the claims against the non-residents. Because the facts in each portion of the complaint involved the resident defendant and the alleged damages arose out of a single incident, the Court held that the claim against him was not "separate and independent".

Clearly the facts in the instant case do not parallel the fact situation in the Finn case. We find no intertwining of defendants in any of the causes of action. The alleged liability of each defendant is pleaded to be several and not in the alternative. The agreement of each defendant to pay plaintiff upon the happening of the same contingency does not alter the independent nature of the cause of action founded upon each such agreement. Necessarily a common issue is present, otherwise the claims could not have been properly joined.

If the words "separate and independent" appearing in Section 1441(c) were to be given their literal meaning the cause of action upon each policy of insurance against the company which issued the same is separate and independent from the causes of action upon the policies of insurance issued by the other defendants. However, the Finn case, in order to carry out the purpose of Congress to abridge the right of removal as reflected in the 1948 amendment to the removal statute has enunciated a different construction. Where there is a single wrong[3] to plaintiff for which relief is sought arising from an interlocked series of transactions[4] there is no separate and independent claim or cause of action under Section 1441(c)[5]. According to Professor Moore, as quoted with apparent favor in the Finn case,[6]

" ' * * * where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where

---

2. "§ 1441 * * * (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

3. Though each of the defendants is charged with failing to pay its proportionate share of the loss, the total of such omissions

is the single wrong for which relief is sought. 341 U.S. 6, 14, 71 S.Ct. 534.

4. The issuance and provisions of the policies in suit constitute an interlocked series of transactions. See South Carolina Elec. & Gas Co. v. Aetna Ins. Co., D.C.S.C., 1953, 114 F.Supp. 79; Board of Education of Marlboro Tp., Monmouth County v. Hartford Fire Ins. Co., D.C. N.J., 1952, 105 F.Supp. 697.

5. 341 U.S. 6, 14, 71 S.Ct. 534.

6. 341 U.S. 6, 14, note 13, 71 S.Ct. 534, 540.

several or alternative liability is alleged, and is no longer the basis for removal.' "[7]

The rationale of the Finn case inescapably dictates the determination of the issues here. The authorities relied on by the defendants which were decided prior to the effective date of the enactment of Section 1441(c) are clearly inapposite. Kornegay v. Hardware Mut. Fire Ins. Co., D.C., E.D.N.C., 1952, 106 F.Supp. 347, and Reade Shirts, Inc. v. Commonwealth Insurance Co. of New York, D.C., S.D.N.Y., 1951, 102 F.Supp. 941, cited by the defendants, make no reference to the Finn case and it would appear, therefore, that the case was not called to the attention of the Courts.

The motion to remand is granted.

7. Moore's Commentary on the U. S. Judicial Code, pp. 251-252.