Edwin A. WALKER, Plaintiff,

v.

Van H. SAVELL and Associated Press, Defendants.

No. W–C–34–62.

United States District Court
N. D. Mississippi, W. D.

May 10, 1963.

C. J. Watts, Oklahoma City, Okl., Murray L. Williams, Water Valley, Miss., Joe W. Matthews, Dallas, Tex., John W. Capers, Jackson, Miss., for plaintiff.

Wells, Thomas & Wells, Jackson, Miss., Fred B. Smith, Ripley, Miss., for defendants.

CLAYTON, District Judge.

This cause, based at least in part on an alleged libel, was originally filed in the Circuit Court of Lafayette County, Mississippi, but was timely removed to this

court on November 9, 1962. On November 14, 1962, the defendant, the Associated Press, filed a motion to dismiss the complaint or in lieu thereof to quash the return of summons as against it on the grounds that it is a New York corporation and is neither qualified nor doing business within the State of Mississippi, and, therefore, not subject to service of process within the Northern District of Mississippi. This motion was submitted on memorandum briefs and affidavits by the parties and is now for disposition by the court.

The issue presented by this motion may be simply stated as follows: Was the Associated Press doing business in Mississippi within the meaning of § 1437, Mississippi Code Annotated (1942)?[1] This section provides for service of process in this state in actions for damages against non-residents.

■■ This is a question of state law and a question governed by judicial interpretation of § 1437 by the state courts of Mississippi. This point was argued separately and extensively by movants in their affirmative brief, and was admitted by respondents in their answer brief. Yet respondents urge also that the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1948) has somehow changed or "liberalized" the Mississippi law in this regard.

To this effect they cite and interpret certain Mississippi cases, which were decided after the International Shoe case and urge that the doctrine announced by the Mississippi Supreme Court in Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428 (1943) has been somehow modified by this "liberal trend". Movants have argued in their brief in replication that the trend of these later cases do not indicate such a holding, but in stricter sense such arguments go beyond the point involved in this motion. It is not this court's function to speculate what the judgment of the Mississippi court might be today on this set of facts, but rather it is to determine what judgment has already been made by the courts of this state.

The function of the federal courts in this regard has been explicitly set out in the Fifth Circuit in just such a case as the one at bar. Judge Hutcheson in Rosenthal v. Frankfort Distillers Corp., 193 F.2d 137 (5 Cir.1951) points out that to argue that later decisions of the United States Supreme Court, such as International Shoe, have rendered more comparable cases inapplicable misconceives the primary issue. The issue, Judge Hutcheson states, is not what construction *would* the state court give a set of facts under a process statute, but rather what construction has these facts *already* been given.

1. "§ 1437. *Venue—actions for damages against non-residents—process*
"All civil actions for the recovery of damages brought against a non-resident of the state of Mississippi may be commenced in the county in which the action accrued. Service of process may be had in any county of the state where the defendant, or any of them, may be found.
"Any non-resident, person, firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee. The doing of such business or the engaging in any such work or service in this state shall be deemed a signification of such non-resident's agreement, and equivalent to an appointment by, such non-resident of the secretary of state of the state of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom may be served all lawful process in any action or proceeding against any such non-resident for any cause of action which has accrued or may accrue in this state."

For such a holding in other federal jurisdictions, see, for example, Pulson, et al. v. American Rolling Mill Co., 170 F.2d 193 (1 Cir.1948).

■ Each case must turn on its own set of facts. This argument is announced by both parties in advancing their contentions. Thus, if the Mississippi Supreme Court has announced a decision in this area of "doing business" with specific regard to the newspaper business, as it has in the case of Lee v. Memphis Publishing Co., supra, this court need not concern itself with other decisions such as Jarrard Motors, Inc. v. Jackson Auto Supply Co., 237 Miss. 660, 115 So.2d 309 (1959) involving the automobile business, and advanced by the respondents at length, or even the movant's Livestock Services, Inc. v. American Cyanamid Co., Miss., 142 So.2d 210 (1962) involving sales of anthrax vaccine, unless it should find that the Lee case does not apply.

■ In the final analysis, the question now before the court is: Do the facts here fall within the Lee decision? Clearly they do.

The Lee case involved the gathering of news and the sale of a product, The Commercial Appeal, within the State of Mississippi by a foreign corporation, the Memphis Publishing Company. The Mississippi Supreme Court held that they were not doing business within this state within the meaning of what is now § 1437, Mississippi Code Annotated (1942).

The activities in this state of the defendant, the Associated Press, are before the court on affidavit of Kenneth L. Davis, Chief of their New Orleans Bureau, and on extensive interrogatories propounded by plaintiff, which were 220 in number, complex and far reaching. Pursuant to the request of plaintiff, the submission of their answer brief was stayed by this court until objections to these interrogatories could be resolved and answers received. In addition to the above,

the court has considered the additional affidavits presented by the plaintiff long after final submission of this motion, and it is plain that the activities of the Associated Press in this state fall short of those carried on by The Commercial Appeal.

The Associated Press representative is furnished an unmarked office in this state, whereas The Commercial Appeal had a news office in Jackson with the following sign on the door: "The Commercial Appeal — Mississippi Office — News — Circulation — Advertising". From this office news stories were sent to Memphis, Tennessee, where the newspaper was published. The Jackson office of the Associated Press serves as a conduit for their product, news items, to their individual subscribers within the state. Apparently, most, if not all, news stories are relayed through New Orleans for acceptance, rejection or editing there, before they are released to subscribers within the state, but some pictures may go directly from Jackson to the subscriber in Mississippi. The offices of The Commercial Appeal also acted as a conduit for news stories for the paper published in Memphis after the stories were accepted there.

Both corporations maintain agents to gather the news within the state, as well as maintain solicitors for the sale of their respective products, although the activities of the Associated Press in this area are not as extensive as The Commercial Appeal, which maintained a large circulation and distribution force in Mississippi.[2] Also, importantly, The Commercial Appeal did approximately one-third of its total subscription business within the boundaries of this state and the Associated Press does not even remotely approach this percentage of its business in Mississippi.

To conclude, this court finds that the activities of the Associated Press in this state are less than and fall within the activities engaged in by The Commercial Appeal, as reflected in Lee.

2. See dissenting opinion of Justice ROBERDS in Lee.

This court cannot overrule Lee v. Memphis Publishing Co., supra. It follows that on the authority of that case, this court must and does say that process for the defendant, Associated Press, is inadequate to give this court process jurisdiction over it. It follows that the motion to quash this process as to this defendant must be sustained and order is being entered so to do.