Edwin A. WALKER, Plaintiff,

v.

Van H. SAVELL and Associated Press, Defendants.

No. W–C–34–62.

United States District Court
N. D. Mississippi, W. D.
June 15, 1965.

See also 5 Cir., 335 F.2d 536; D.C., 218 F.Supp. 348.

C. J. Watts, Oklahoma City, Okl., Murray L. Williams, Water Valley, Miss., Joe W. Matthews, Dallas, Tex., John W. Capers, Jackson, Miss., for plaintiff.

Fred B. Smith, Ripley, Miss., for defendant Van H. Savell.

Wells, Thomas & Wells, Jackson, Miss., for defendant Associated Press.

CLAYTON, District Judge.

Plaintiff brought this action in the Circuit Court of Lafayette County, Mississippi, for damages allegedly resulting from the publication of a libelous news release, written by Van H. Savell and disseminated by Associated Press. Stripped of verbiage, the state court declaration alleged that plaintiff had gone to Oxford, Mississippi, in September, 1962, for lawful purposes; that while he was there, a riot occurred on the campus of the University of Mississippi, and that he had gone to the scene and urged the participants to desist and conduct themselves peacefully. Notwithstanding plaintiff's lawful conduct, Savell made a false and malicious report to Associated Press that plaintiff had organized and led the riot, and Associated Press then falsely and maliciously published a news release to that effect. It is further alleged that Associated Press later learned that the release was false, but it maliciously persisted in its dissemination and refrained from publishing a correction.

The declaration then alleges that, "as a direct and proximate consequence and result of the said false and defamatory publication by Defendants, Plaintiff has suffered untold damage, humiliation, degradation and depravation (sic) of his constitutional rights, including the following." Then follows a description of actions taken by various federal officers in connection with the plaintiff, including the filing of a complaint by the United States Attorney charging plaintiff with certain crimes; plaintiff's arrest by military personnel; his custody under the United States Marshal; proceedings before the United States Commissioner; plaintiff's confinement in a federal medical center; and his imprisonment there for approximately six days before he was released on bail.

The concluding paragraphs of the declaration alleges that as a proximate result of the libelous news release, "Plaintiff has been damaged in name, fame, and reputation, and by deprivation of his liberty in the sum of $1,000,000.00 actual damages," and that the acts of defendants were deliberately performed with malicious intent to defame, for which plaintiff demands a like sum in punitive damages. The declaration asserts that the alleged defamatory statements are actionable under Mississippi Code Annotated 1942 (Recompiled) § 1059, the Mississippi "actionable words" statute.

The defendants removed to this court pursuant to 28 U.S.C. § 1441 upon the ground of diverse citizenship between plaintiff and Associated Press, and, since Savell was a resident of this state, on the ground that a separate and independent claim arising under federal law was asserted against him. 28 U.S.C. §§ 1331 and 1441(c). Associated Press then moved to dismiss, or in the alternative, to quash process served on it via the Mississippi Secretary of State (Mississippi Code Annotated 1942 (Recompiled) § 1437) on the ground that it was not doing business in the state. Plaintiff countered with a motion to remand, upon which the court reserved a ruling, holding that the motion to dismiss should be sustained as to Associated Press. Walker v. Savell, 218 F.Supp. 348 (N.D. Miss.1963). An appeal ensued, during which consideration of the motion to remand was suspended. Upon affirmance, Walker v. Savell, 335 F.2d 536 (5th Cir. 1964), this court allowed counsel to submit new briefs on the motion to remand, in view of the elimination of the "sepa-

rate and independent claim" issue by the dismissal of Associated Press. On this basis, the motion to remand is now before the court.

■ The sole ground now asserted for this court's jurisdiction upon removal under 28 U.S.C. § 1441 is the federal question purportedly raised by the state court declaration. The narrow issue here is whether that pleading states an action arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. Inquiry need be directed solely to the declaration summarized earlier, since the jurisdictional basis must appear on the face of a well-pleaded complaint. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■■ To invoke the original or removal jurisdiction of the inferior federal courts on the ground that the case or controversy arises under federal law, the face of the complaint must disclose by well-pleaded allegations that a genuine and substantial controversy exists as to whether the claim for relief is directly and necessarily founded upon a federally created right or immunity, which will be established or defeated by alternative interpretations of the federal law which created the right or immunity. See the summary of tests of federal question jurisdiction reviewed in Gully v. First National Bank In Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Caution should be exercised in the use of such abstract definitions without reference to the facts and circumstances of the particular case, for the determination of the question of such jurisdiction must be made upon a common sense basis and a distinction must be made between controversies that are basic and necessary and those which are collateral and merely possible. Gully v. First National Bank In Meridian, supra.

The defendant's assertion that this court has general federal question jurisdiction of this action rests on the allegations of the declaration that defendant's libelous publication proximately caused plaintiff to suffer, inter alia, a deprivation of constitutional rights, following which are listed the various acts of federal officials arresting and confining the plaintiff. Although plaintiff does not allege that he was deprived of any rights in violation of any specific part of the Constitution, or even in violation of the Constitution generally, defendant argues that the fair intendment of the allegations is that defendant's wrongful acts proximately caused the federal officials to deprive plaintiff of liberty without due process of law, in violation of the Fifth Amendment. It is argued that the declaration is analogous to that construed in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946), in which actions were brought against federal agents for money damages as a result of their alleged invasion of plaintiff's rights to be free from unlawful searches and seizures and imprisonment without due process of law, in violation of the Fourth and Fifth Amendments. General federal question jurisdiction was sustained.

In that case, the alleged violations of the Constitution formed the sole basis of the claim for relief. The complaint was drawn so as to seek recovery directly under the Constitution. A reading of the declaration in the instant case, even as interpreted by defendant, demonstrates beyond peradventure that plaintiff counts upon the common-law right of action for libel and the Mississippi statutory action for insulting words. His right arises from and depends upon state law. As in Gully v. First National Bank In Meridian, supra, the right which he seeks to establish, i. e., the right to compensation for injuries caused by defendant's alleged defamation of him, is one created by state, not federal, law.

■■ While federal law may form a minor ingredient of the overall controversy alleged, that ingredient is remote and collateral. This is further demonstrated, contrary to defendant's interpretation, when it is apparent that no

claim is made for deprivation of liberty without due process of law, nor are damages sought from the only entities whose actions are circumscribed by that limitation, i. e., the United States and its agents, under the Fifth Amendment or the state and its agents under the Fourteenth Amendment. All that plaintiff claims is that defendant's wrongful actions resulted in the loss of plaintiff's constitutional right to liberty. The Fifth and Fourteenth Amendments did not create any new rights to liberty. Liberty is a common-law right which the Constitution protects from governmental invasion without due process of law. Screven County v. Brier Creek Hunting & Fishing Club, 202 F.2d 369 (5th Cir. 1953). Unless a plaintiff goes further and charges that a defendant's tortious act resulted in his loss of liberty in a manner forbidden by the Constitution, his allegation that his lost liberty was a constitutional right is surplusage. Not even an assertion that plaintiff is entitled to a remedy under federal law would support jurisdiction in the federal court of a claim which arose wholly under state law. Screven County v. Brier Creek Hunting & Fishing Club, supra.

The constitutional provisions relied on by defendant do not create a right to damages for injuries which result from defamatory utterances, and the declaration does not assert that they do so. At most, the constitutional reference made vaguely in the declaration may have application in determining a standard by which to measure one portion of plaintiff's damages. Since no case is presented which arises under federal law, the fact that it may become necessary to construe and apply some provision of the Constitution in disposing of the claim on its merits does not confer jurisdiction on this court under 28 U.S.C. §§ 1331 and 1441. Moody v. McDaniel, 190 F.Supp. 24, 29 (N.D.Miss.1960), and cases there cited.

The motion to remand for want of jurisdiction of the subject matter must be sustained, and an order will be entered accordingly.