**LANCE INTERNATIONAL, INC., a Debtor in Possession, Plaintiff,**

v.

**The AETNA CASUALTY AND SURETY COMPANY et al. and Export-Import Bank of Washington, Defendants.**

**No. 66 Civ. 3487.**

United States District Court
S. D. New York.

Feb. 9, 1967.

Supreme Court against all defendants for breach of an export credit insurance policy under which the Export-Import Bank of Washington and each of the other defendants as co-insurers purported to agree to indemnify the plaintiff against nonpayment for goods sold and shipped by it to certain purchasers in Hong Kong and Okinawa. The complaint alleges that pursuant to the policy, which was issued on May 29, 1963, the plaintiff shipped construction materials to purchasers in Hong Kong and Okinawa which were not paid for by the purchasers within six months after invoices became due, with the result that plaintiff is owed the sum of $124,326.48 under the policy.

The Export-Import Bank of Washington, which assumed 50% of the coverage provided by the policy in question, is a federal corporation, wholly owned by the Government of the United States, and created by Congress in 1947 pursuant to Title 12 U.S.C. § 635, which grants it broad authority to issue credit insurance for the purpose of promoting the export trade of the United States. Among the powers and functions granted to it are the right to join with private insurers in co-insuring exporters, to employ such private insurers as its agents in the issuance, servicing and adjustment of claims under such policies, to enter into joint ventures for the purpose of providing export credit insurance to American exporters, and "to sue and to be sued, to complain and defend in any court of competent jurisdiction".

The defendants other than the Export-Import Bank of Washington are American insurance companies of national reputation, many of them having their principal offices in the State of New York—a fact which bars them from seeking removal on diversity grounds.

On October 20, 1966, the suit was removed to this Court pursuant to a petition filed by all defendants, in which they claimed the right to remove pursuant to Title 28 U.S.C. § 1441(b) on the ground that this is a civil action over which the Court has original jurisdiction

Lewis, MacDonald & Varian, New York City, for plaintiff; Robert D. Witte and Maurice J. Gilchrist, New York City, of counsel.

Gottesman, Wolgel & Smith, New York City, for all Defendants other than Export-Import Bank of Washington; Samuel Gottesman, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant Export-Import Bank of Washington; Alan G. Blumberg, Asst. U. S. Atty., of counsel.

MANSFIELD, District Judge.

The principal question raised by plaintiff's motion is whether all 29 defendants may remove the case to this Court where the principal defendant (Export-Import Bank) would have had the right to remove if it had been sued alone, and where the facts and issues are substantially identical as to all. The background is as follows:

On September 23, 1966, the plaintiff, a New York corporation, brought its suit for damages in the New York State

under 28 U.S.C. § 1331(a), and alternatively on the ground that the defendant Export-Import Bank of Washington, as an agency of the United States, may remove the action pursuant to 28 U.S.C. § 1442. Plaintiff now seeks to remand the case to the state court pursuant to 28 U.S.C. § 1447(c).

■ If this action were limited to the Export-Import Bank, there could be no question about the latter's right to remove the suit against it to this Court pursuant to 28 U.S.C. § 1441(b), since it would be an action over which this Court would have original jurisdiction founded on a claim or right arising under the laws of the United States. 28 U.S.C. § 1331(a). The statute creating the Export-Import Bank expressly provides: "There is created a corporation with the name Export-Import Bank of Washington, which shall be an agency of the United States of America." (12 U.S.C. § 635) It was long ago established by the Supreme Court that district courts have original jurisdiction over suits against federal corporations, such actions being deemed to arise under the laws of the United States. Pacific R.R. Removal Cases (Union Pacific R. Co. v. Myers), 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885); see Federal Intermediate Credit Bank etc. v. Mitchell, 277 U.S. 213, 48 S.Ct. 449, 72 L.Ed. 854 (1928); Texas & Pac. Ry. v. Bigger, 239 U.S. 330, 36 S.Ct. 127, 60 L.Ed. 310 (1915); In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558 (1909). Federal jurisdiction over such suits was further affirmed by Congress when it, in 1948, restricted the removal of such cases by adoption of 28 U.S.C. § 1349, which provides:

"Corporation organized under federal law as party

"The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock. June 25, 1948, c. 646, 62 Stat. 934."

■ The suggestion that a suit against the Export-Import Bank is exclusively within the jurisdiction of the Court of Claims (see Harlem River Produce Co., Inc. v. Aetna Cas. & Sur. Co., 257 F.Supp. 160 (S.D.N.Y. 1965)) appears to be fully answered by the previously quoted express statutory authorization to it "to sue and to be sued * * * in any court of competent jurisdiction." Furthermore, the Supreme Court has tacitly approved suits against similar corporations in forums other than the Court of Claims. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); see Federal Housing Administration, etc. v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1939); Garden Homes, Inc. v. Mason, 249 F.2d 71 (1st Cir. 1957), cert. denied, 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958).

■ Although the action, if brought against the Export-Import Bank alone, would be removable, the attempt to remove the entire case under Title 28 U.S.C. § 1441 faces an insurmountable stumbling block in the joinder of 28 co-defendants against whom no claim is stated that would be removable under that section. The removing parties must carry the burden of proof. See Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992 (1887). Although the petition states that the claim against the insurance companies is based on "a claim arising under the laws of the United States", the complaint and papers submitted on the present motion reveal no claim or issue arising under, or involving interpretation or construction of, federal law. Plaintiff does not claim a remedy granted by federal statute. Its claim is based solely on an alleged breach by each of the insurers of its contract obligation to make payment in accordance with the terms of the insurance agreement entered into by it, which expressly states that each insurer obligates itself "severally and not jointly" with the Export-Import Bank or any other obligor. Although we do not presently have the particulars of the claim or defenses

before us, there is no indication of the presence of any substantial question of federal law or problem of federal statutory construction. In fact, no reliance on federal law, direct or indirect, is suggested with respect to the claim against the insurance companies. On the contrary, it is apparent that aside from issues of fact, the questions of interpretation, if any, will relate to the provisions of the insurance policy and not to federal law.

■ Since the suits against the insurance companies do not fall within this Court's original jurisdiction, and diversity is neither alleged nor claimed, the action is not removable under 28 U.S.C. §§ 1441(a) and (b). At first blush 28 U.S.C. § 1441(c) might appear to offer a basis for removal, although it has not been invoked by the defendants. It provides that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed * * *" It is now well established that where, as here, the plaintiff asserts the same basic claim against two or more defendants, even though he charges them only with liability severally, the joinder is not one of a "separate and independent claim or cause of action" within the meaning of § 1441(c). Hafif v. Caledonian-American Ins. Co. of N. Y., 127 F.Supp. 639 (S.D.N.Y.1955); Harrisville Co. v. Home Ins. Co., 129 F.Supp. 300 (S.D.N.Y.1954); see American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Fair Oaks Transp. Co. v. Central Mfrs' Mut. Ins. Co., 127 F.Supp. 507 (S.D.N.Y.1954); Kopitko v. J. T. Flagg Knitting Co., 111 F.Supp. 549 (S.D.N.Y.1953); Chason Bros., Inc. v. Insurance Company of North America, 102 F.Supp. 803 (S.D.N.Y.1952); see also "Multi-Party, Multi-Claim Removal Problems: The Separate and Independent Claim Under Section 1441(c)" by James William More and William VanDercreek, 46 Iowa L.Rev. p. 489 at 493, 502 and 504. Section 1441(c) does not, therefore, permit removal of the present case.

■ In reaching the conclusion that this case is not removable under 28 U.S.C. § 1441, the Court is aware of the recent decision of Judge Palmieri of this Court in Rosenthal & Rosenthal, Inc. v. Aetna Cas. & Sur. Co., 259 F.Supp. 624 (S.D.N.Y.1966), in which the Court assumed original jurisdiction in a similar suit over the Export-Import Bank and the Foreign Credit Insurance Association. That case may be distinguished from the present one, however, on the ground that different issues were presented there, which led the Court to conclude that they might "require construction of the federal statutes conferring insurance functions on Exim Bank * * *" and that there was a "strong likelihood of a dominant federal interest in the unique type of insurance involved."

In contrast, the present case involves no questions of federal statutory construction, and no substantial likelihood of questions involving any of those provisions that might be considered to involve a federal interest, e.g., protection against political risks abroad. The parties anticipate that the principal legal issue will be whether written notice of claims and proof of loss was given in accordance with the terms of the policy, which presents a garden-variety type of contract law question, as to which no difference between state and federal law seems likely. Thus, although the Export-Import Bank's obligations may be construed according to federal common law, see Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), the question of whether there is a sufficient overriding federal interest to displace the doctrine of Erie R.R. v. Tompkins remains in doubt. See Friendly, "In Praise of Erie and of the New Federal Common Law," Vol. 19 Record of the Bar Association of the City of New York, p. 64 (1964). Furthermore, the obligations of the insurance companies would not necessarily be determined according to federal law, and a requirement that federal law be applied in

determining the Export-Import Bank's obligations would not therefore automatically call for assumption of jurisdiction by the federal courts over the entire case, especially when no conflict between state and federal law is indicated.

The fact that the defendants' obligations might be governed by federal law is but one factor to be considered in determining whether the federal courts should permit removal. To suffice for invocation of federal jurisdiction, the reliance on federal law must be substantial, not remote. It should have "some foundation of plausibility". Montana Catholic Missions v. Missoula County, 200 U.S. 118, 130, 26 S.Ct. 197, 50 L.Ed. 398 (1906); see Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). Likewise the federal interest to be served by providing a federal forum should be direct and important, not conjectural. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. [City of] New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388 [390]; First Nat. Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690 [692]. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid.; King County, [Wash.] v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339[-341]. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [City of] New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764, 769; Defiance Water Co. v. [City of] Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L.Ed. 140 [143]; Joy v. [City of] St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; [City and County of] Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101, [1120], and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. (Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 [717]; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218)." (at 112–113, 57 S.Ct. at 97)

The basis of federal question jurisdiction was summed up by one leading commentator as follows:

"The first formulation of the requirement developed by the courts is that the plaintiff must be contending that a federally ordained rule specifically creates his cause of action. * * * But, regardless of the specific form in which he finds his federal authority, it must—according to him, at least—establish his substantive right to a remedy; or, characterized briefly, his claim must be founded 'directly' upon national law." (Mishkin, The Federal "Question" in the District Courts, 53 Col.L.Rev. 157, 165 (1953))

No such basis is claimed, or even indicated, here.

If this case clearly presented a substantial and important issue of federal law, it might well be contended that the federal courts are better equipped by training and experience to assume jurisdiction over it. In the absence of any such issue, and having in mind the fact that federal incorporation of a company more than half of which is owned by the United States represents what has been described as an express exception to the general principles governing federal jurisdiction (see Gully v. First Nat. Bank,

supra), there does not appear to be any reason—and none has been suggested here by the defendants—why the courts of the State of New York would not be fully competent to resolve such questions of law as might arise in this case. Furthermore, the fact that Congress, in creating the Bank, authorized it to be sued in "any" court, which includes the New York State Supreme Court, indicates that the federal courts were not to have exclusive jurisdiction over actions in which the Bank might be involved as a party.

As an alternate basis for removal, petitioners assert:

"6. Alternatively defendant Export-Import Bank of Washington may remove this action pursuant to 28 U.S.C. § 1442 since it is an agency of the United States and is being sued herein for acts allegedly committed pursuant to right, title and authority conferred by Act of Congress."

Title 28 U.S.C. § 1442 provides for removal of a civil action against

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

 The plain language of the foregoing section limits the right to remove to an "officer" or "person acting under him". Nothing in the legislative history reveals that the term "officer" was intended to include corporations or agencies as distinguished from individuals. On the contrary the statute was derived from an earlier one which provided for removal of suits against federal revenue officers. Former Title 28 U.S.C. § 76. See Davis v. State of South Carolina, 107 U.S. 597, 2 S.Ct. 636, 27 L.Ed. 574 (1882); State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648 (1879). With one exception (James River Apartments, Inc. v. Federal Housing Administration, 136 F.Supp. 24 (D.Md.1955)), decisions permitting removal by corporations or agencies under § 1442(a) (1) have done so on the theory that in the circumstances alleged or presented they were "persons acting under" an individual federal officer. E. g., State of Texas ex rel. Falkner v. National Bank of Commerce, 290 F.2d 229 (5th Cir.), cert. denied, 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961), or suits in which the officer and the agency were joined, e. g., Sarner v. Mason, 128 F.Supp. 165 (D.N.J.1955). In the *James River Apartments* case, since removal was clearly authorized under 28 U.S.C. § 1441, the holding as to § 1442(a) (1) is of doubtful significance.

 Since none of the defendants in the present case is "[an] officer of the United States * * * or person acting under him", § 1442(a) (1) does not afford a basis for removal of the action. In reaching this conclusion the Court has had the benefit of the reasoning and very thorough consideration given to the authorities by Judge Tenney in Harlem River Produce Co., Inc. v. Aetna Cas. & Sur. Co., 257 F.Supp. 160 (S.D. N.Y.1965), wherein the Court concluded, in a similar suit against the Export-Import Bank and many of the insurers named here as defendants, that "sustaining removal under Section 1442(a) (1) would be tenuous at best" (p. 163). In concurring with Judge Tenney's well reasoned approach to the question, the Court is also aware of the fact that various other similar suits have been removed to this Court by Export-Import Bank under § 1442(a) (1) but, in view of the fact that such removals were not contested, it fails to find them of any value in resolving the issue. It is undoubtedly true that the distinction between the officer and the agency represented by him is an artificial one, resting more on form than on substance, and that the same principles which permit the officer or his representative (whether or not it be a corporation or an agency) to remove should apply equally well to the corporation or agency itself. The language of the section itself, however, is plain. It limits the power of removal to the officer or his agent. Congress having

spoken in the field where the tendency in recent years has been to contract rather than to expand permissible action, further legislative action would be required before a federal corporation or agency acting on its own behalf would be permitted to remove under § 1442.* The Court is still governed by the basic principle that if the right to remove is doubtful, the case should be remanded. See Chumley v. Great Atlantic & Pacific Tea Co., 191 F.Supp. 254 (D.N.C.1961); 1 Barron & Holtzoff, Federal Practice and Procedure § 109 nn. 46, 47 (Rules ed. 1960); Wright, Handbook of the Law of the Federal Courts 126 (1963).

The motion to remand is granted. Submit order.

---

* In fact the American Law Institute's proposed changes in statutes providing for federal question jurisdiction would amend § 1442(a) (1) to provide for removal by any "agency" sued in a state court. (American Law Institute, Tentative Draft No. 4, General Federal Question Jurisdiction, pp. 6–7 (April 25, 1966)).