Phyllis BARNETT, Sanford Barnett and Dona Moss, Plaintiffs,

v.

FABER, COE & GREGG, INC., Donald Lester and Elmer Younghans, Defendants.

No. 68 Civ. 1848.

United States District Court
S. D. New York.

Sept. 27, 1968.

Weisman & Weisman, New York City, for plaintiffs.

Barandes, Barandes, Moss & Emmett, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs instituted an action against defendants in the Supreme Court of the State of New York, County of Bronx, for false arrest, false imprisonment, malicious prosecution and abuse of process. On May 6, 1968, the action was removed by defendants to this court pursuant to 28 U.S.C. § 1441 as an action arising under the laws of the United States. The action is now before the court on plaintiffs' motion to remand to the state court pursuant to 28 U.S.C. § 1447. The motion is granted.

Defendants claim this action involves a federal question by virtue of three paragraphs in the complaint, all of which read as follows:

"That, as a result of the conduct and activities as set forth herein of defendants DONALD LESTER and ELMER YOUNGHANS, and said defendants acting under their employment and within the scope of their authority, as employees of defendant, FABER, COE & GREGG, INC., caused the civil rights of the plaintiff to be violated, and in violation of Federal law and the Civil Rights Law of the State of New York, in such cases made and provided caused plaintiff to sustain damages as hereinbefore alleged."

The underlying basis for the action brought is the allegation that defendants caused plaintiffs to be arrested without justification by a member of the New York City Police Department. This complaint upon its face does not present a claim or right arising under the Constitution, treaties or laws of the United States.

In Walker v. Savell, 243 F.Supp. 478 (N.D.Miss., W.D.1965), an action for libel in relation to a newspaper article regarding plaintiff's alleged participation in a race riot that resulted in plaintiff's arrest and loss of liberty, the court, on motion to remand, held that the action did not state a case within the federal jurisdiction. The mere assertion that a plaintiff is entitled to remedy under federal law was said to be inadequate to support jurisdiction in the federal court of a claim which arises wholly under state law. To invoke removal jurisdiction of inferior federal courts, a substantial federal question must be disclosed in the well-pleaded allegations of the complaint such that the case could have been originally brought in a federal court. 28 U.S.C. §§ 1331, 1441.

180

Furthermore, it is clear that defendants, as removing parties, must carry the burden of proving grounds for removal, especially where plaintiffs strenuously argue that they are not relying on any federal substantive right and no reference to a federal provision is made in plaintiffs' complaint, Sylgab Steel & Wire Corp. v. Strickland Transportation Co., 270 F.Supp. 264 (E.D.N.Y.1967); Lance International, Inc., v. Aetna Casualty and Surety Company, 264 F.Supp. 349 (S.D.N.Y.1967). Defendants have proven no substantial federal grounds for removal.

Where the right to remove is doubtful authority holds that a case should be remanded to the state court, Lance International, Inc. v. Aetna Casualty and Surety Company, supra.

Motion granted.